[No. 11268-3-III. Division Three. February 11, 1992.]

THE STATE OF WASHINGTON, *Appellant*, v. BARRETT LEE REMBOLDT, ET AL, *Respondents*.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for appellant.

*Mark C. Prothero* and *Pat Stiley & Associates, P.S.,* for respondents.

THOMPSON, A.C.J. — The trial court suppressed evidence seized from the defendants' residence pursuant to a search warrant. Charges against the defendants were subsequently dismissed. The State appeals. We reverse.

The search warrant was requested by Spokane Detective Madsen. His affidavit contained the following factual assertions.

A young informant (aged 10 to 25) told Deputy Howard about a marijuana grow operation he observed in the basement of a residence located at 12019 East Buckeye in Spokane. On August 1, 1989, Deputy Howard drove by the residence and confirmed the color of the house and the type of trucks parked there, all as described by the informant. Deputy Howard also confirmed that Barrett and Shirley Remboldt (Remboldts) were the occupants of the residence.

On August 8, Deputy Van Leuven and Detective Madsen went to the Remboldts' residence to investigate. Ms. Remboldt was present and spoke with Deputy Van Leuven on the front porch, but refused to allow the officers inside. At one point, the Remboldts' two sons closed the door. As the door to the house closed, Deputy Van Leuven was said to have "smelled from inside the house area what he recognized from his training and experience . . . as . . .

marihuana".[1] Attached to the affidavit was a summary of Deputy Van Leuven's training and experience, as well as the training and experience of Detective Madsen.

Detective Madsen averred that Ms. Remboldt said she was going to call her husband. Approximately 15 minutes later, a male arrived and told the officers to "Get a warrant".[2] A search warrant was obtained.

Several jars of marijuana buds, four plants, harvested leaves, and miscellaneous paraphernalia were seized from the Remboldts' home pursuant to the warrant. The plants were found in between floor joists in the basement, and uncured wet leaves were found next to the toilet on the main floor.

Remboldts were charged by information with one count of possessing marijuana with intent to manufacture. Defense counsel filed a motion to suppress, contending the reliability of the young informant had not been established, there was no probable cause for issuance of the warrant, and the State failed to disclose events to the magistrate which negated probable cause. At the suppression hearing, the trial court heard testimony from Deputy Van Leuven, Detective Starr, Dr. W.J. Woodford, the Remboldts, and the Remboldts' 11-year-old son.

Deputy Van Leuven testified the odor he smelled when the Remboldts' door was being closed was the "moderate odor" of marijuana. He testified he had visited at least 150 indoor marijuana growing operations in the preceding 3 years and had obtained 70 to 75 search warrants based upon his smelling marijuana. He had been correct every time. He testified he had no doubt it was marijuana he smelled when the Remboldts' door was being closed. He also testified he and another officer had gone to the Remboldts'

---

[1] At the suppression hearing, Deputy Van Leuven gave testimony consistent with, but more detailed than, the information in the affidavit.

[2] This statement is also consistent with Deputy Van Leuven's testimony at the suppression hearing.

residence the day before, attempting to gain entry by using a ruse.

Dr. Woodford, chemist and expert witness for Remboldts, testified it was his opinion the deputy could not have smelled marijuana. His opinion was based primarily on the variety of marijuana seized, the immaturity of the plant samples he tested, and the alleged location of the marijuana. He testified an immature marijuana plant has the same aroma as several other plants, including juniper. It was not disputed that juniper bushes grew in front of the Remboldts' house.

Mr. Remboldt testified that on the day the warrant was issued he had about 12 marijuana plants at different stages of growth. He said he began flushing the small marijuana plants down the toilet, along with the leaves of larger plants, while the officers were obtaining the search warrant. He testified his oldest plants were 4 to 6 weeks from budding at the time they were seized.

The trial court found that Deputy Van Leuven smelled what he believed or perceived to be marijuana. However, there was a question whether the smell was the result of "selective perception" — a phenomenon whereby "if someone suggests a particular odor might be smelled, that individual might well smell it even though it might be something else". Neither party argued the issue of reliability of the young informant at the suppression hearing.

The trial court concluded that although the issuing magistrate had the right to rely on the affidavit supporting the warrant, the warrant failed because of the question whether the deputy (a) smelled the marijuana growing in the house or (b) smelled the juniper growing outside.[3]

---

[3]In his oral opinion, the trial judge concluded: "There is no question in my mind that Deputy Van Leuven smelled what he believed or perceived to be marijuana. I was interested in the selective perception that Dr. Woodford talked about. And I can accept that as being something that is a — it is real. If someone suggests a particular odor might be smelled, that individual might well smell it even though it might be something else. If there is a similarity between the juniper smell or odor and the marijuana smell or odor at the stage of growth that these plants were or would have been in at the time of the incident on the

The sole issue on appeal is whether there was probable cause to issue the search warrant.

The State contends a trial court cannot substitute its judgment for that of the magistrate in determining the weight to be given evidence supporting a warrant and the issuing magistrate's determination of probable cause must be accorded great deference. *State v. Cord*, 103 Wn.2d 361, 366, 693 P.2d 81 (1985).

■ A magistrate's determination that a warrant should issue is given deference and, since the issuance of the warrant is a matter of judicial discretion, it is reviewed under the abuse of discretion standard. *Cord*, at 366-67; *State v. Jackson*, 102 Wn.2d 432, 446, 688 P.2d 136 (1984).

■ In reviewing a probable cause determination, the information considered is that which was before the issuing magistrate. *State v. Patterson*, 83 Wn.2d 49, 55, 515 P.2d 496 (1973); *State v. Estorga*, 60 Wn. App. 298, 303-04, 803 P.2d 813, *review denied*, 116 Wn.2d 1027 (1991).

> It is axiomatic that hindsight may not be employed in determining whether a prior . . . search was made upon probable cause. If the action was taken without a warrant, the information to be considered is that available to the officer at the time of the . . . search; if it was pursuant to a warrant, then the information to be considered is that which was made available to the issuing magistrate. An otherwise valid . . . search is not rendered illegal by the fact that it turns out that . . . the objects sought are not in the place searched, just as [a] . . . search made without then existing probable cause cannot be saved by a subsequent showing that the . . . search was fruitful.

(Footnotes omitted.) 1 W. LaFave, *Search and Seizure* § 3.2(d), at 575-76 (2d ed. 1987).

---

8th of August, there is a question as far as whether or not Detective Van Leuven did in fact smell an odor of marijuana. Judge Dorn had the right to rely on the affidavit. Whether or not he considered that as a [basis] or a part of the bases for the issuance of the search warrant, I don't know. But I do know this: He did have a right to rely on it and I will have to presume that he relied on that.

"I'm making a determination that the search warrant affidavit failed because of that and because of the question as to whether or not there was a smell of the marijuana that was growing in the house, or there was the smell of Juniper that was growing outside. And as a result of that, I'm suppressing the evidence."

██ ██ The experience and expertise of an officer may be taken into account in determining whether there is probable cause. In fact, what constitutes probable cause is viewed from the vantage point of a reasonably prudent and cautious police officer. *See generally* 1 W. LaFave § 3.2(c), at 570-75. An assertion that marijuana was smelled by an officer must be presented to an issuing magistrate as "more than a mere personal belief." *State v. Vonhof*, 51 Wn. App. 33, 41, 751 P.2d 1221, *review denied*, 111 Wn.2d 1010 (1988), *cert. denied*, 488 U.S. 1008 (1989).[4] An officer's particular expertise is thus critical. *State v. Smith*, 93 Wn.2d 329, 352, 610 P.2d 869 (ability to identify marijuana), *cert. denied*, 449 U.S. 873 (1980); *State v. Compton*, 13 Wn. App. 863, 866, 538 P.2d 861 (1975) (ability to smell and recognize marijuana).

At the suppression hearing, Deputy Van Leuven testified fully concerning his prior experience, expertise and ability to smell marijuana. The court did not disregard his testimony, nor disbelieve it.[5] Instead, the court adopted a subjective standard of probable cause based on technical information unavailable to the issuing magistrate.

 The question of probable cause should not be viewed in a hypertechnical manner. *Vonhof*, at 41. As stated in *Brinegar v. United States*, 338 U.S. 160, 175, 93 L. Ed. 1879, 69 S. Ct. 1302, 1310 (1949):

> In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical;

---

[4]*Vonhof* noted that in *State v. Seagull*, 95 Wn.2d 898, 632 P.2d 44 (1981) an affidavit was held sufficient even though an officer's observations had been incorrect. *Vonhof*, at 41. In *Seagull*, the officer saw tomato plants and thought they were marijuana.

[5]In their memorandum supporting suppression, Remboldts argued application of the doctrine in *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). That doctrine is that a warrant issued upon a facially sufficient affidavit is invalid if based upon knowingly or recklessly made falsehoods in the officer's affidavit. Since the trial court found Deputy Van Leuven smelled what he thought was marijuana, and no error has been assigned to that finding, it is understandable why Remboldts have not relied on *Franks* in this appeal.

they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

A court should not confuse and disregard the difference between what is required to prove guilt and what is required to show probable cause for a search. *Brinegar*, at 172-73.

The issuing magistrate was fully informed of the experience and expertise of Deputy Van Leuven, and the information contained in the affidavit was based on more than the deputy's mere personal belief. Further, this information corroborated the young informant's tip. The issuing magistrate had reasonable grounds for concluding the Remboldts were involved in a marijuana grow operation and the items sought would be located in their home. There was probable cause for issuance of the search warrant and the trial court erred in suppressing the evidence seized pursuant to it.

We reverse.

MUNSON and SWEENEY, JJ., concur.