[No. 13115-7-III.    Division Three. · September 27, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD
THEODORE WELLER, *Appellant*.

*Brian O'Brien*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

MUNSON, J. — Ronald Weller appeals his conviction on one count of possession of a controlled substance, marijuana, with intent to manufacture. He contends the court should have suppressed evidence found in the execution of a search warrant because the warrant was based on illegally obtained utility records and an impermissible ruse entry. We affirm.

An anonymous informant told a Spokane County Deputy Sheriff that Ronald Weller was possibly growing marijuana at S. 103 Ray. Deputy David Knechtel used law enforcement records to verify that Mr. Weller lived at that address. He then gave Washington Water Power a written form indicating an interest in the electrical power records for that address. The records provided in response showed a substantial increase in power usage beginning about 1 year earlier.

Deputy Knechtel and another deputy went to the residence at S. 103 Ray and knocked on the door. A young man opened the door and Deputy Knechtel immediately smelled the odor of fresh marijuana. He told the young man they were there to look for a table saw. The young man said they had the wrong address and they left.

Deputy Knechtel prepared an affidavit setting forth the evidence of increased power usage at the residence and describing his visit to the residence. He obtained a search warrant for Mr. Weller's residence. Execution of the warrant resulted in the discovery of numerous marijuana plants, dried marijuana and equipment used to grow marijuana.

Mr. Weller moved to suppress the evidence found in the search of his residence. The court ruled the written request for utility records failed to meet the requirements of RCW 42.17.314 which limits law enforcement inspection of public utility records, and determined the power usage information could not be considered in determining the sufficiency of the affidavit. The court ruled the odor of marijuana provided sufficient grounds for a search warrant, the use of a ruse did

not violate privacy rights because the deputy did not enter the home, and the evidence would not be suppressed.

On the day of trial, Mr. Weller renewed his motion to suppress. The trial court ruled the consumption records were not obtained illegally because RCW 42.17.314 applies only to public agencies and Washington Water Power is not a public utility. Mr. Weller was convicted and filed this appeal.

Mr. Weller contends the trial court erred in ruling the sheriff's request for power consumption records was not subject to RCW 42.17.314. The statute requires a law enforcement authority who requests records which belong to a public utility district to provide a written statement that it "suspects that the particular person to whom the records pertain has committed a crime". By its terms, RCW 42.17.314 applies only to "public utility districts or municipally owned electrical utilities . . .". *State v. Faydo*, 68 Wn. App. 621, 625, 846 P.2d 539, *review denied*, 121 Wn.2d 1034 (1993). Washington Water Power is neither a public utility nor a municipally owned electrical utility. The statute does not apply.

■ Mr. Weller contends the power use records should not have been considered in considering the sufficiency of the search warrant affidavit because they were obtained in violation of privacy interests which are protected by Washington's constitution. An appellate court will not decide a constitutional issue when the case can be decided on other grounds. *State v. Tingdale*, 117 Wn.2d 595, 599, 817 P.2d 850 (1991). Because the following issue is dispositive of the case, we do not reach Mr. Weller's constitutional argument.

■ Mr. Weller next contends the deputies' use of a ruse to gain access to his home was unlawful because they lacked a reasonable suspicion of criminal activity. A reasonable suspicion of criminal activity is not required to support the use of a ruse. *State v. Hastings*, 119 Wn.2d 229, 830 P.2d 658 (1992). Further, Deputy Knechtel did not enter Mr. Weller's residence. A front porch is not a constitutionally protected area; officers may enter a porch and detect the odor of marijuana without violating a resident's constitutionally pro-

tected right of privacy. *State v. Myers*, 117 Wn.2d 332, 344-45, 815 P.2d 761 (1991).

■ Mr. Weller contends the information Deputy Knechtel obtained by visiting his home should not have been considered in determining probable cause because it was the fruit of the information illegally obtained from the utility company. Evidence is only inadmissible as "fruit of the poisonous tree" if it has been gathered by exploitation of the original illegality. *State v. Aydelotte*, 35 Wn. App. 125, 131, 665 P.2d 443 (1983).

■ The deputy testified the decision to visit the residence was not based on the information obtained from Washington Water Power. The information about power consumption was not needed to provide a basis for the visit to the residence. Discovery of the odor of fresh marijuana was not obtained by exploiting the power consumption information, and was properly considered in determining probable cause. Information in the affidavit showing the deputy smelled fresh marijuana was sufficient to establish probable cause for the search warrant. *State v. Remboldt*, 64 Wn. App. 505, 510-11, 827 P.2d 282, *review denied*, 119 Wn.2d 1005 (1992).

Affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.

After modification, further reconsideration denied November 10, 1994.