**2013 UT App 29**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

JUSTIN A. EPPS,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120325-CA
Filed January 31, 2013

Fourth District, Heber Department
The Honorable Derek P. Pullan
No. 121500012

J. Edward Jones, Attorney for Appellant
Mckay G. King, Attorney for Appellee

Before JUDGES DAVIS, MCHUGH, and VOROS.

PER CURIAM:

¶1     Justin A. Epps appeals his conviction after a jury trial of violation of a protective order, a class A misdemeanor. We affirm.

¶2     Epps argues that the district court erred in denying his motion for a directed verdict, claiming that the State failed to present sufficient evidence that he was the person named in the protective order or that the place of business that Epps was restricted from visiting was located in Heber City, Utah, within the jurisdiction of the district court. The analysis of a claim that the district court erred in denying a motion for directed verdict involves "basically the same analysis" that applies to a challenge

to the jury's verdict for insufficiency of the evidence. *See State v. Cardona-Gueton*, 2012 UT App 336, ¶ 6 n.2 (quoting *State v. Hirschi*, 2007 UT App 255, ¶¶ 15–16, 167 P.3d 503). We will uphold the district court's denial of a motion for directed verdict "if, upon reviewing the evidence and all inferences that can be reasonably drawn from it, we conclude that some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." *State v. Harrison*, 2012 UT App 261, ¶ 10, 286 P.3d 1272 (citation and internal quotation marks omitted).

¶3     Epps has not satisfied his burden to marshal the evidence supporting the jury's verdict and therefore cannot demonstrate that the district court erred in denying the motion for directed verdict. The statement of the facts in Epps's opening brief is limited to recitation of the evidence that might support his arguments on appeal. "When challenging the sufficiency of evidence, the challenging party has a duty to 'marshal all record evidence that supports' a court's ruling that there is sufficient evidence." *Id.* ¶ 10 n.3 (quoting Utah R. App. P. 24(a)(9)). An appellant arguing insufficiency of the evidence "has the heavy burden of marshaling the evidence in support of the verdict and showing that the evidence, viewed in the light most favorable to the verdict, is insufficient." *State v. Maese*, 2010 UT App 106, ¶ 16, 236 P.3d 155. "This means that [the party] must marshal 'every scrap' of evidence that supports the jury's verdict," before demonstrating its insufficiency. *See id.*

¶4     In his motion for directed verdict, Epps claimed that the State failed to present sufficient evidence that he was the person named in the protective order. Epps argued that the record was unclear "whether or not [he] is Justin Epps or at least the Justin Epps that is alleged to [have committed] the offense" because "[n]obody pointed him out" at the trial. The district court denied the motion for directed verdict, finding that there was evidence "upon which a reasonable jury could find that the defendant, Justin Epps, is the same individual who is the client of the public

defender in this case." The district court found that the officer testifying during the State's case "was asked repeatedly whether or not he had served the defendant Justin Epps and in each case he indicated yes." Furthermore, the witness to the alleged violation of the protective order was Epps' former sister-in-law, whom he had contacted at her workplace to ask her to be a character witness for him. The court ruled that it was "not persuaded that the evidence is so lacking that a reasonable jury could not draw [the] inference" that the defendant was the person alleged to have committed the offense. The district court did not err in denying the motion for directed verdict.

¶5     Epps also moved for a directed verdict based upon a claim that the work address listed in the protective order did not state that it was located in Heber City, Utah. Epps conceded that the witness to the alleged violation of the protective order testified that the workplace where she was employed with Epps's ex-girlfriend, the petitioner in the protective order, was located in Heber City. Nevertheless, Epps claimed that the witness did not testify that the workplace was located in Heber City, Utah, and "[t]here may be more than one Heber City in the United States." The district court found that there was sufficient evidence from which a reasonable jury could infer that the offense occurred in Utah, also noting that Epps was ordered in the temporary protective order to appear at a hearing to be held in Heber, Utah. Accordingly, the district court ruled that it was satisfied that a jury could find that the Heber City referred to was located in Wasatch County, State of Utah within the jurisdiction of the district court. The district court did not err in denying the motion for a directed verdict.

¶6     Finally, Epps challenges the sufficiency of the evidence to support his conviction claiming that there was insufficient evidence that he was served with the protective order. In considering a challenge to a jury verdict,

> [w]e review the evidence and all inferences which
> may reasonably be drawn from it in the light most

> favorable to the verdict of the jury [and] reverse a
> jury conviction for insufficient evidence only when
> the evidence, so viewed, is sufficiently inconclusive
> or inherently improbable that reasonable minds must
> have entertained a reasonable doubt that the defen-
> dant committed the crime of which he was convicted.

*State v. Hamilton*, 827 P.2d 232, 236 (Utah 1992) (citations and internal quotations marks omitted).

¶7    Epps again fails to satisfy his burden to marshal the evidence and then demonstrate that it is insufficient to support the jury verdict. His insufficiency of the evidence argument is supported only by an incomplete recitation of the testimony of the officer who signed the return of service. Properly marshaled, the evidence is sufficient to support the jury verdict. The officer testified that he recalled serving Epps with a protective order in January. He identified the return of service and a copy of the temporary protective order and identified his signature on the return of service. Those documents were admitted as evidence. On cross-examination, the officer testified that he had a "pretty clear recollection" of standing at the door to Epps's home when he served the protective order. However, when confronted with the fact that the return of service stated that service occurred at an address on Main Street, rather than at Epps's home, the officer testified that he believed on that basis that service occurred at a place other than Epps's home and that the return of service accurately stated that the service took place on Main Street. On redirect, the officer stated he now recalled that he served Epps at about First South and Main, but he had also served Epps at his home "a couple of times." During further cross-examination, the officer testified that he would not have put Epps's name on the return if he had not served him at the address on Main Street. He identified his signature on the return of service, which he testified was filled out on the same night, and testified that it would have been filed with the court on the following morning. On further redirect, the officer stated that without the paperwork to jog his

memory, he did not have an independent recollection of the service, but he remembered serving someone on Main Street and he reiterated that he would not have put Justin Epps's name on the return of service and would not have signed the return of service if it was not Justin Epps who was served with the protective order.

¶8     Viewing "the evidence and all inferences that may be reasonably drawn from it in the light most favorable to the verdict, 'the evidence was not so' inclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt"about whether Justin Epps was served with the temporary protective order prior to the date of the alleged violation of that order. *See id.*

¶9     Accordingly, we affirm the conviction.

_____