[No. 13166-1-III.    Division Three.    June 9, 1994.]

JOSEPH R. BOKOR, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant.*

*Christine O. Gregoire, Attorney General,* and *Jeffrey R. Bunch, Assistant,* for appellant.

*Frank Bartoletta* and *Sanger & Bartoletta,* for respondent.

MUNSON, J. — The Department of Licensing appeals the decision of the Superior Court reversing the Department's revocation of Joseph Bokor's driving privilege. The Department contends (1) the court erred in declining to give any weight to evidence of the results of a portable breath test and (2) the evidence does not support finding the officer lacked probable cause to arrest Mr. Bokor for driving while under the influence of intoxicating liquor, RCW 46.61.502.

Trooper Richard Wiley arrived at the scene of a 2-car accident north of Spokane about 8 p.m. on September 29, 1990. Marcie Tipton, the driver of one of the vehicles, told him she had struck the other car when it made a left turn in

front of her. She indicated Mr. Bokor was the driver of the other car. Trooper Wiley approached Mr. Bokor and noticed the strong odor of intoxicants on his breath. Mr. Bokor stated he had failed to see Ms. Tipton's oncoming car when he made the left turn. Trooper Wiley noticed Mr. Bokor was swaying and asked him to perform some field sobriety tests.

The trooper asked Mr. Bokor to walk an imaginary line, taking nine steps touching heel to toe with his arms down, turn around and take nine steps back. Mr. Bokor lost his balance several times while performing the test, never touched heel to toe and "basically could barely perform the test". Mr. Bokor said he could not do a 1-leg stand because he had a bad leg.[1] Trooper Wiley also asked Mr. Bokor to take a portable breath test, the result of which was equivalent to "a .21 BAC". Concluding Mr. Bokor was highly intoxicated, Trooper Wiley arrested him and arranged for him to be taken into custody. Mr. Bokor was subsequently given implied consent warnings and declined to take the BAC Verifier DataMaster test. The refusal was reported to the Department of Licensing which revoked his driving privilege pursuant to RCW 46.20.308.

On appeal, the Superior Court admitted evidence of the portable breath test but found it was entitled to no weight. Trooper Wiley testified he would have determined Mr. Bokor was intoxicated without the portable breath test. The court, however, found the trooper did not have probable cause to believe Mr. Bokor was driving under the influence of alcohol, and reversed the Department's revocation of his license.

The Department contends the court erroneously excluded evidence of Trooper Wiley's use of a portable breath testing device as a basis for probable cause to arrest Mr. Bokor. Trooper Wiley testified he administered a breath test using an instrument he called a PBT. He did not describe the instrument or how the test was administered. He testified that in an unspecified number of instances, under unspeci-

---

[1]Mr. Bokor testified his leg was injured in an accident in 1970 while he was employed by the Spokane Police Department. There is no evidence Trooper Wiley was aware of these additional facts at the time of the arrest.

fied circumstances, he had compared the results of tests using the PBT with tests using the approved BAC Verifier DataMaster and found "a significant correlation".

■■ In determining whether an officer had probable cause for an arrest, the court looks at the facts and circumstances known to the officer or of which he has reasonably trustworthy information. *State v. Fricks*, 91 Wn.2d 391, 398, 588 P.2d 1328 (1979). Evidence which would be inadmissible at trial may nevertheless be relied upon in making a probable cause determination. *Brinegar v. United States*, 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302 (1949). An officer cannot reasonably rely on data obtained from a technical device unless he has some understanding of how it works or assurances of its reliability from an expert knowledgeable about the underlying principles on which the device is based, and a reasonable basis for believing the device will produce reasonably reliable results under the circumstances in which it is used, including adequate maintenance and correct operation. *See State v. Superior Court*, 149 Ariz. 269, 718 P.2d 171, 60 A.L.R.4th 1103 (1986) and *State v. Bresson*, 51 Ohio St. 3d 123, 554 N.E.2d 1330 (1990) regarding admissibility of the horizontal gaze nystagmus test.

The State presented no evidence which would permit the trier of fact to conclude the trooper reasonably relied on the results of the portable testing device. Nor has the State cited any authority for the admissibility of such tests. The sole evidence of reliability was that of the trooper who testified the device had given comparable results to a BAC in the past. There is no evidence past performance would be a reliable predictor of correct results in the present case. There was no evidence the trooper had any training or expertise in statistical analysis. The trial court quite properly gave this evidence no weight in determining whether the trooper had probable cause to believe Mr. Bokor was intoxicated.

■ The Department contends the trial court erred in finding the trooper did not have probable cause to arrest Mr. Bokor for driving under the influence of alcohol. This court reviews the trial court's findings of fact solely to determine

whether they are supported by substantial evidence. *Mairs v. Department of Licensing*, 70 Wn. App. 541, 854 P.2d 665 (1993).

■ A lawful arrest upon probable cause is a prerequisite to the application of the implied consent statute. *Keefe v. Department of Licensing*, 46 Wn. App. 627, 731 P.2d 1161, *review denied*, 108 Wn.2d 1018 (1987).

> Probable cause for a warrantless arrest exists when facts and circumstances within the arresting officer's knowledge are sufficient to cause a person of reasonable caution to believe that a crime has been committed.

*State v. Rogers*, 70 Wn. App. 626, 631, 855 P.2d 294 (1993), *review denied*, 123 Wn.2d 1004 (1994).

> The determination will rest on the totality of facts and circumstances within the officer's knowledge at the time of the arrest. The standard of reasonableness to be applied takes into consideration the special experience and expertise of the arresting officer.

*State v. Knighten*, 109 Wn.2d 896, 899, 748 P.2d 1118 (1988) (quoting *Fricks*, at 398-99).

Evidence the defendant wavered and slurred his voice and his speech was thick-tongued, his eyes were watery and bloodshot, and his breath and clothing smelled of an alcoholic beverage was sufficient evidence of intoxication to support an arrest in *O'Neill v. Department of Licensing*, 62 Wn. App. 112, 117, 813 P.2d 166 (1991). Factors which supported an arrest for driving while intoxicated in *Keefe*, at 635-36, were evidence the defendant had been driving a vehicle which had been involved in a collision, the officer detected the odor of intoxicants and the defendant appeared to be "feeling no pain". In *State v. Staeheli*, 102 Wn.2d 305, 306, 685 P.2d 591 (1984), the defendant was arrested after he was found asleep in a vehicle with the motor running, there was an odor of intoxicants in the vehicle, and he was "unable or unwilling to comply with directions given by the officer"; no field sobriety tests were performed.

■ Trooper Wiley testified Mr. Bokor admitted he had been driving the car, the trooper detected the odor of intoxi-

cants on Mr. Bokor's breath, Mr. Bokor repeatedly swayed during the interview and performed the field sobriety test very badly. The trooper was aware Mr. Bokor had a bad leg and nevertheless determined Mr. Bokor was highly intoxicated. This testimony was uncontradicted; Mr. Bokor testified he had in fact been drinking. The uncontroverted testimony establishes the existence of probable cause for the arrest. The trial court's finding the arrest was not based upon probable cause is error.

Reversed.

THOMPSON, C.J., and SWEENEY, J., concur.