[No. 21975-1-II.   Division Two.   July 23, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY GILLENWATER, *Petitioner.*

*Vernon A. Smith*, for petitioner.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall Avery Sutton* and *Pamela B. Loginsky, Deputies*, for respondent.

ARMSTRONG, J. — We granted discretionary review of Gary Gillenwater's Kitsap County District Court driving under the influence (DUI) conviction to determine whether the police had probable cause to arrest him for the offense. Finding that they did, we affirm.

## FACTS

The pertinent facts were developed at a district court probable cause hearing. On the night of September 30, 1995, three cars were involved in a fatal accident on SR 307 in Kitsap County. Gillenwater was driving northbound in a Honda Accord. Stanley Zaidinski was driving a Ford Taurus northbound behind Gillenwater. Karen Brown was driving a Geo Prizm southbound. Brown's Geo crossed the centerline and struck Gillenwater's Honda, almost head-on. Zaidinski could not avoid the other two cars and drove between them, striking both before coming to a stop. The police determined that Brown was at fault for crossing over the centerline. Brown had a 0.15 Breathalyzer reading. Brown and Gillenwater's passenger, Mr. Terrazus, died in the accident.

Although Gillenwater did not cause the accident, the police arrested him for DUI. They had the following facts at the time of arrest: Trooper Marc Barger saw a cooler full of beer behind the driver's seat of Gillenwater's car; three empty beer cans were on the floorboard, and the car exuded a strong smell of alcohol; Jeff Cowan, a paramedic, told Barger that Gillenwater had a strong smell of alcohol on his person; and the passenger in Gillenwater's car had an odor of alcohol on his person. Barger relayed this information to Trooper John McMillan, who went to the hospital to arrest Gillenwater.

At this point, Barger believed he had probable cause to arrest Gillenwater for DUI. But he took a statement from Zaidinski at the scene before communicating with McMillan, the trooper at the hospital, so Zaidinski's statement completes the facts known to the police at the time of arrest. Zaidinski simply told Barger that as he was following Gillenwater north, Gillenwater's car was traveling the speed limit, with taillights on, and driving normally rather than erratically.[1]

## ANALYSIS

The offense of driving under the influence, or while intoxicated, consists of "driving while under the influence of intoxicating liquor or any drug." RCW 46.61.502(1). "Thus, although one can legally drink and drive, *State v. Hansen*, 15 Wn. App. 95, 546 P.2d 1242 (1976) . . . the two activities cannot be mixed to the extent that the drinking affects the driving . . . ." *State v. Franco*, 96 Wn.2d 816, 825, 639 P.2d 1320 (1982). *Accord State v. Melcher*, 33 Wn. App. 357, 363, 655 P.2d 1169 (1982) ("[I]t is not illegal to

---

[1]Other evidence came out at trial, including Zaidinski's observation that Gillenwater was somewhat incoherent and smelled of alcohol at the accident scene; Trooper McMillan's testimony that Gillenwater smelled strongly of alcohol at the hospital more than an hour later; and the fact that blood eventually drawn at the hospital from Gillenwater produced a blood alcohol reading of 0.18. But because McMillan already intended to arrest Gillenwater on the basis of the information provided by Barger, these additional facts carry no weight in the determination of probable cause.

drink and drive; it is illegal to drink to the point it affects driving.''). But proof of erratic driving is not required to convict of driving under the influence. *Hansen*, 15 Wn. App. at 96.

A police officer may arrest a person without a warrant upon probable cause to believe that the person has committed the offense of driving while intoxicated. *O'Neill v. Department of Licensing*, 62 Wn. App. 112, 116, 813 P.2d 166 (1991) (citation omitted). Probable cause to arrest must be judged on the facts known to the arresting officer before or at the time of arrest. '' '[P]robable cause to arrest exists where the totality of the facts and circumstances known to the officers at the time of arrest would warrant a reasonably cautious person to believe an offense is being committed.' '' *O'Neill*, 62 Wn. App. at 116-17 (quoting *Waid v. Department of Licensing*, 43 Wn. App. 32, 34-35, 714 P.2d 681 (1986)) (alteration in original). Probable cause to arrest requires more than ''a bare suspicion of criminal activity,'' *State v. Terrovona*, 105 Wn.2d 632, 643, 716 P.2d 295 (1986), but does not require facts that would establish guilt beyond a reasonable doubt. *State v. Conner*, 58 Wn. App. 90, 98, 791 P.2d 261 (1990). Probable cause has also been defined as '' 'a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.' '' *State v. Scott*, 93 Wn.2d 7, 11, 604 P.2d 943 (1980) (citations omitted). And '' '[t]he question of probable cause should not be viewed in a hypertechnical manner.' '' *State v. Herzog*, 73 Wn. App 34, 53, 867 P.2d 648 (1994) (quoting *State v. Remboldt*, 64 Wn. App. 505, 510, 827 P.2d 282 (1992)).

Gillenwater argues that the facts are insufficient to show probable cause because there is no evidence that he caused the accident or was driving erratically at the time. He argues further that in every accident case where the trooper has not performed field sobriety tests and has not observed bloodshot eyes or slurred speech, probable cause has been found only where the accident was caused by the

suspected drunk driver, citing *State v. Miller*, 60 Wn. App. 767, 807 P.2d 893 (1991); *State v. Dunivin*, 65 Wn. App. 501, 828 P.2d 1150 (1992); *State v. Hill*, 48 Wn. App. 344, 739 P.2d 707 (1987); *O'Neill*, 62 Wn. App. at 117. Thus, according to Gillenwater, the State cannot show probable cause because the trooper knew that the other driver caused the accident. We decline to adopt such a mechanical rule. Probable cause is determined by considering the total facts of each case, viewed in a practical, nontechnical manner. *Terrovona*, 105 Wn.2d at 643; *Herzog*, 73 Wn. App. at 53; *O'Neill*, 62 Wn. App. at 116-17. And Gillenwater's reasoning would require proof of erratic driving in any accident case where the trooper is unable to employ the customary field tests. We do not read probable cause so narrowly.

While evidence that a driver has had something to drink is insufficient to convict, and perhaps to establish probable cause, the trooper here had more. A cooler full of beer and three opened cans of beer were found in the car. The deceased passenger smelled of alcohol. And, most importantly, the paramedic reported a strong odor of alcohol on Gillenwater. Although these facts do not prove beyond a reasonable doubt that Gillenwater had consumed enough alcohol to affect his driving, they do raise "a reasonable ground of suspicion . . . to warrant a cautious man in believing . . ." him to be guilty. *Scott*, 93 Wn.2d at 11 (citations omitted).

Affirmed.

BRIDGEWATER, C.J., and HUNT, J., concur.

Reconsideration denied September 9, 1999.

Review denied at 140 Wn.2d 1004 (2000).