43 P.3d 43 (2002)
110 Wash.App. 841
The CITY OF COLLEGE PLACE, Respondent,
v.
Jeffrey D. STAUDENMAIER, Petitioner.
No. 19231-8-III.
Court of Appeals of Washington, Division 3, Panel Eight.
March 28, 2002.
*44 William D. McCool, Walla Walla, for Petitioner.
Charles B. Phillips, Lutcher & Phillips, Walla Walla, for Respondent.
SWEENEY, J.
The primary questions in this driving under the influence prosecution is first whether the officer had probable cause to arrest Jeffrey D. Staudenmaier given the arguably equivocal results of the physical tests. There is ample evidence here to support the trial court's findings that Mr. Staudenmaier appeared to the officer to have been drinking and that he failed a number of physical tests. Those findings amply support the conclusion, probable cause. The second question is whether limitations on a defendant's freedom to leave, short of a full-blown custodial arrest, amount to custody such that Miranda[1] warnings are required. They do not. And so we affirm the trial court's judgment of conviction here.

FACTS
Officer Tony Locati of the City of College Place Police Department clocked Jeffrey Staudenmaier driving 37 mph in a 25-mph zone. Officer Locati stopped Mr. Staudenmaier. Mr. Staudenmaier appropriately and smoothly stopped his car.
Officer Locati approached Mr. Staudenmaier. And as he did he smelled a strong odor of alcohol on his breath. Mr. Staudenmaier's eyes were also watery and bloodshot. Officer Locati asked if he had been drinking. Mr. Staudenmaier said he had had five or six beers. Officer Locati then directed Mr. Staudenmaier to perform some field sobriety tests.
Mr. Staudenmaier performed four tests the balance test, the finger-to-nose test, the one-leg-stand test, and the walk-and-turn test. Mr. Staudenmaier passed the balance test but failed the finger-to-nose test. He put his finger on his upper lip and swayed two to three inches during the test. Officer Locati made Mr. Staudenmaier perform the one-leg-stand test twice. The first time he used his arms for balance. The next time he leaned to one side and put his foot down for balance. Mr. Staudenmaier failed to touch *45 heel-to-toe on several steps during the walk-and-turn test.
A backup officer then asked Mr. Staudenmaier, out of Officer Locati's presence, whether he felt affected by what he had drank. Mr. Staudenmaier responded, "a little bit but not much." Report of Proceedings (July 1, 1998) (RPII) at 154. Officer Locati arrested Mr. Staudenmaier for driving under the influence (DUI). Mr. Staudenmaier later took a breath test that registered his breath alcohol concentration at 0.137 and 0.129.
Mr. Staudenmaier moved to dismiss. He argued that Officer Locati lacked probable cause to arrest him for DUI. He also moved to suppress his statement to the backup officer that he felt affected by alcohol. The municipal court judge denied his motions. The jury convicted Mr. Staudenmaier of DUI.
He appealed to superior court. The court affirmed his conviction without oral argument. Later, the court denied Mr. Staudenmaier's motion for reconsideration. Mr. Staudenmaier sought and we granted discretionary review.

REFUSAL TO ALLOW ORAL ARGUMENT
The superior court judge decided the appeal on the briefs and refused to hear oral argument. RALJ 8.3 states that each party shall receive 10 minutes for oral argument. Mr. Staudenmaier contends that shall means shall. It is mandatory.
We review the application of court rules de novo. State v. Gilman, 105 Wash. App. 366, 368, 19 P.3d 1116, review denied, 144 Wash.2d 1011, 31 P.3d 1185 (2001).
Mr. Staudenmaier relies entirely on the language of RALJ 8.3:
Each side shall be allowed 10 minutes for oral argument, or longer if ordered by the superior court. The first party to file a notice of appeal is entitled to open and conclude oral argument, unless otherwise ordered by the court.
We reject his assignment of error for two reasons. First, the court's decision to allow argument is generally, and should be, discretionary. See State v. Bandura, 85 Wash. App. 87, 93, 931 P.2d 174 (1997) (court held that granting oral argument on posttrial motion is discretionary "so long as the movant is given the opportunity to argue in writing his or her version of the facts and law"). This is especially true here since the superior court was acting as an appellate court. And appellate courts have discretion to decide cases with or without oral argument. RAP 11.6.
Second, any error would be harmless, anyway. We review the decision of the district court, not the superior court, for errors of law. State v. Brokman, 84 Wash.App. 848, 850, 930 P.2d 354 (1997); see State v. Nemitz, 105 Wash.App. 205, 19 P.3d 480 (2001) (discretionary review of decision affirming district court granted; appellate court examined record before district court). And here both issues raised by Mr. Staudenmaier are questions of law. Our review is then de novo. State v. Munguia, 107 Wash.App. 328, 339, 26 P.3d 1017 (2001), review denied, 145 Wash.2d 1023, 41 P.3d 483 (2002). And, of course, oral argument in a superior court is of no consequence here. Mr. Staudenmaier's attorney took his full 20 minutes before a panel of this court to enthusiastically, and very competently, outline his position and the authority supporting it.

PROBABLE CAUSE TO ARREST
A police officer's determination of probable cause is reviewed as a mixed question of law and fact.[2] We first review the factual matters, i.e., the who, what, when, and where, for substantial evidence. State v. Hill, 123 Wash.2d 641, 647, 870 P.2d 313 (1994); Bokor v. Dep't of Licensing, 74 Wash. App. 523, 526-27, 874 P.2d 168 (1994). Substantial evidence requires "a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of *46 the finding." Hill, 123 Wash.2d at 644, 870 P.2d 313.
We then decide whether the facts support the legal conclusionprobable cause. This is a legal question that we review de novo. See State v. Thorn, 129 Wash.2d 347, 351, 917 P.2d 108 (1996) (holding that the determination of a seizure is a mixed question of law and fact; applying substantial evidence standard to factual findings and de novo standard to whether those facts constitute a seizure).
Here, Mr. Staudenmaier's argument is that the undisputed facts simply do not support the legal determination of probable cause. Our review then is de novo.
Probable cause to make an arrest requires sufficient facts and circumstances to justify a reasonable belief that an offense has been committed. State v. Terrovona, 105 Wash.2d 632, 643, 716 P.2d 295 (1986). It need not, however, be sufficient to convict. State v. Griffith, 61 Wash.App. 35, 39, 808 P.2d 1171 (1991); State v. Gillenwater, 96 Wash.App. 667, 670, 980 P.2d 318 (1999). The probable cause determination is not governed by a "mechanical rule." Instead, we consider "the total facts of each case, viewed in a practical, nontechnical manner." Gillenwater, 96 Wash.App. at 671, 980 P.2d 318.
Here, Officer Locati needed to have a reasonable belief that Mr. Staudenmaier was driving under the influence of alcohol to arrest him. And he did. Mr. Staudenmaier's breath smelled strongly of alcohol. RPII at 30-31. His eyes were watery and bloodshot. RPII at 32. And Mr. Staudenmaier told Officer Locati that he had drank five to six beers. RPII at 31.
Mr. Staudenmaier takes issue with Officer Locati's evaluation of his performance during the field sobriety tests. But even were we to view the evidence in a light most favorable to Mr. Staudenmaier (which we are not required to do), the record here shows that he clearly passed only one test and performed, at best, marginally on the other three. RPII at 33-36. Officer Locati had then a reasonably well-founded belief that Mr. Staudenmaier was driving under the influence of alcohol.[3]
Mr. Staudenmaier argues that he should have passed the balance test because the National Highway Traffic Safety Administration standards allow the person being tested to hold his or her arms anywhere up to 45 degrees from his or her body. Report of Proceedings (Dec. 15, 1997) (RPI) at 38. But, no Washington case law, statute, or administrative code adopts those standards. Mr. Staudenmaier also emphasizes that Officer Locati noticed no erratic driving. But erratic driving is not required to show driving under the influence. Gillenwater, 96 Wash.App. at 670, 980 P.2d 318.
Mr. Staudenmaier reviews a number of cases and attempts to set a formula for facts necessary to show probable cause, for example: smelling alcohol plus erratic driving plus poor dexterity equals probable cause. See State v. Smith, 130 Wash.2d 215, 223, 922 P.2d 811 (1996). He then attempts to show how various vital facts relied upon by other courts are missing from the present case. But there is no "mechanical rule" for establishing probable cause. Gillenwater, 96 Wash.App. at 671, 980 P.2d 318. And we will not set one here. We look instead at the facts of each case. Id. And the facts of this case support Officer Locati's determination of probable cause to arrest Mr. Staudenmaier for DUI.

SUPPRESSION OF PRE-MIRANDA STATEMENT
Mr. Staudenmaier next argues that Officer Locati had already decided to arrest him for DUI when the backup officer asked *47 him whether he felt affected. And he was in custody for purposes of Miranda because he was not free to leave. He was then entitled to Miranda warnings. And his statement should be suppressed because they were not given. The State responds that he was not in custody.
The determination of whether a defendant is in custody for purposes of Miranda is reviewed de novo.[4] A suspect is in custody, and therefore entitled to receive Miranda warnings, when the suspect's freedom of action is curtailed to a degree associated with formal arrest. State v. Short, 113 Wash.2d 35, 40, 775 P.2d 458 (1989); State v. D.R., 84 Wash.App. 832, 836, 930 P.2d 350 (1997); State v. Ferguson, 76 Wash.App. 560, 566, 886 P.2d 1164 (1995). But whether the suspect is free to leave is not the question. Ferguson, 76 Wash.App. at 566, 886 P.2d 1164. Temporary detainment following a routine traffic stop does not constitute custody for purposes of Miranda regardless of the seriousness of the potential traffic charge. Id. at 566-67, 886 P.2d 1164.
Mr. Staudenmaier argues that he was in custody before the backup officer questioned him. He relies upon D.R., 84 Wash.App. 832, 930 P.2d 350. There, this court held that a 14 year old junior high school student was in custody when police questioned him in the school principal's office and did not tell him that he was free to leave. Id. at 838, 930 P.2d 350. Mr. Staudenmaier is not 14 and was not sent to the principal's office for interrogation.
State v. Ferguson is more on point. Ferguson, 76 Wash.App. 560, 886 P.2d 1164. There, Mr. Ferguson was involved in a car accident. An off-duty sheriff's deputy arrived at the scene. Id. at 563, 886 P.2d 1164. The deputy asked him if he had been drinking. Mr. Ferguson said he had. Id. A Washington State Patrol trooper arrived approximately 30 minutes later and was informed of the deputy's suspicions. Id. The trooper then asked Mr. Ferguson if he had been drinking. And he again responded that he had. Id. Mr. Ferguson was arrested for vehicular homicide. Id. at 564, 886 P.2d 1164. The deputy testified that Mr. Ferguson was not free to leave the scene of the accident. Id.
The court held that Mr. Ferguson was not in custody for purposes of Miranda when he was questioned by either law enforcement officer. Id. at 568, 886 P.2d 1164. The court noted that the questioning occurred in public. And that the questions were brief, straightforward, and nondeceptive. Id.
Here, Mr. Staudenmaier was standing near his car when the backup officer asked him whether he felt affected by the alcohol he had drank. RPII at 37, 154. Mr. Staudenmaier was not free to leave. But his freedom was not curtailed to the degree normally associated with formal arrest. Ferguson, 76 Wash.App. at 568, 886 P.2d 1164; see State v. Rivard, 131 Wash.2d 63, 76, 929 P.2d 413 (1997) (suspect who was told not to leave and read his Miranda rights, but who "was not physically apprehended, restrained, handcuffed, placed in a police vehicle, nor driven to the police station" was not under arrest).
Mr. Staudenmaier argues that the probable cause determination should be influenced by the fact that Officer Locati believed he had probable cause to arrest before the questioning by the backup officer. One can be arrested with or without probable causethe presence of probable cause determines whether the arrest is lawful, not whether there was in fact an arrest. See State v. Green, 70 Wash.2d 955, 958, 425 P.2d 913 (1967) ("probable cause [is] essential to support a lawful arrest"). Probable cause is not then relevant to the custody question. D.R., 84 Wash.App. at 836, 930 P.2d 350.
Mr. Staudenmaier also argues that he was detained for over 15 minuteslonger than the general traffic stop. And while that may be true, the defendant in Ferguson was forced to remain at the scene for more than 30 minutes. Ferguson, 76 Wash.App. at 562-63, *48 886 P.2d 1164 (accident occurred shortly after 11:30 P.M.; State trooper did not arrive on the scene until shortly after midnight).
The judgment of the trial court is affirmed.
WE CONCUR: KURTZ, C.J., and BROWN, J.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] This is the standard of review recently adopted in State v. Vasquez, 109 Wash.App. 310, 34 P.3d 1255 (2001).
[3] See State v. Smith, 130 Wash.2d 215, 223, 922 P.2d 811 (1996) (defendant nearly collided with another car, smelled of alcohol, lacked finger dexterity, and failed several field sobriety tests); Gillenwater, 96 Wash.App. at 670-71, 980 P.2d 318 (defendant was in an accident caused by another person; defendant smelled of alcohol, cooler of beer and three open beer cans found in defendant's car); O'Neill v. Dep't of Licensing, 62 Wash.App. 112, 117, 813 P.2d 166 (1991) (defendant crashed his car, smelled of alcohol, had watery, bloodshot eyes, and slurred speech); Griffith, 61 Wash.App. at 39, 808 P.2d 1171 (defendant performed several field sobriety tests, and had slurred voice, watery, bloodshot eyes, and smelled of alcohol).
[4] United States v. Coutchavlis, 260 F.3d 1149, 1157 (9th Cir.2001); Jeffley v. State, 38 S.W.3d 847, 853 (Tex.Ct.App.2001); State v. Dallmann, 260 Neb. 937, 944, 621 N.W.2d 86 (2000); State v. Mosher, 221 Wis.2d 203, 211, 584 N.W.2d 553 (Ct.App.1998); People v. Mendez, 225 Mich.App. 381, 382, 571 N.W.2d 528 (1997).