# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50166-0-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| RAUL LOPEZ-RAMOS, | |
| Respondent. | |

BJORGEN, J. — The State appeals from a trial court order granting Raul Lopez-Ramos'

motion to suppress evidence seized following his arrest for driving under the influence (DUI).

The State contends that the trial court erred by concluding there was not probable cause to arrest

Lopez-Ramos for DUI.  We affirm.

## FACTS

On September 8, 2016, the State charged Lopez-Ramos with DUI and unlawful

possession of a controlled substance.  Before trial, Lopez-Ramos filed a CrR 3.6 motion to

suppress evidence seized following his arrest.

At the CrR 3.6 hearing, Woodland Police Officer Derek Kelley testified that on the

evening of September 3, 2016, he saw a car pull up to a closed business. Kelley decided to make a social contact with the vehicle's occupants. When the driver, Lopez-Ramos, rolled down his window, Kelley noticed a strong odor of alcohol. Kelley saw partially consumed alcohol containers in the vehicle. Kelley also saw that Lopez-Ramos' eyes were watery and bloodshot.

Kelley testified that Lopez-Ramos spoke only Spanish and that he did not have a Spanish-speaking interpreter to assist in communicating with Lopez-Ramos. Using the Spanish he learned in high school, Kelley asked Lopez-Ramos how many beers he had consumed; Lopez-Ramos told Kelley that he had consumed one beer. Kelley unsuccessfully attempted to conduct field sobriety tests on Lopez-Ramos. Kelley stated that he was unsure whether Lopez-Ramos was unable to do the field sobriety tests due to the language barrier or due to his intoxication. Kelley then administered a portable breath test (PBT). However, due to the language barrier, Kelley was unable to communicate to Lopez-Ramos that the PBT was voluntary.

The State asked Kelley, "Now during your contact with [Lopez-Ramos], based on your observations, were you able to form an opinion about his level of sobriety or his impairment?" Report of Proceedings (RP) at 17. Kelley responded, "Yes. Once I was done with the PBT I determined that he was, in fact, impaired and under the influence of alcohol." RP at 17-18. During argument, the State conceded that the trial court could not consider the results of the PBT in determining whether there was probable cause to arrest Lopez-Ramos for DUI because Kelley did not properly advise Lopez-Ramos of his rights before administering the PBT.

No. 50166-0-II

The trial court granted Lopez-Ramos' suppression motion and later entered the following findings of fact and conclusions of law in support of its ruling:

**FINDINGS OF FACT**

1. Officer Kelley of the Woodland Police Department observed a vehicle pull into the parking lot of Rosie's Restaurant and park next to the building. The restaurant was closed, and so Officer Kelley made a social contact with the occupants of the vehicle.

2. The driver, Mr. Lopez-Ramos, rolled his window down to speak to Officer Kelley. The officer noted a strong odor of intoxicants coming from the vehicle. He believed Mr. Lopez-Ramos' speech to be slurred, and noted that his eyes were watery and bloodshot. Mr. Lopez admitted to drinking one beer. Officer Kelley asked Mr. Lopez-Ramos to exit the vehicle.

3. Once out of the vehicle, Officer Kelley observed that Mr. Lopez-Ramos had a strong and obvious odor of intoxicants coming from his mouth.

4. Two bottles of partially consumed Corona beer were sitting on the floorboard of the car, in front of the passenger.

5. Due to a substantial language barrier, Officer Kelley was unable to communicate with Mr. Lopez-Ramos. He then had Mr. Lopez-Ramos give a breath sample for the portable breath test (PBT), but did not communicate that the test was voluntary.

6. Officer Kelley testified that after the PBT, he was able to determine that Mr. Lopez-Ramos was impaired.

7. Upon completion of the PBT, Officer Kelley arrested Mr. Lopez-Ramos. Upon booking, a small amount of methamphetamine was found in his wallet.

**CONCLUSIONS OF LAW**

1. The PBT was not performed properly according to the applicable WAC and therefore may not be used by the officer to determine probable cause.

No. 50166-0-II

    2.    In the absence of a validly performed PBT, given the totality of the circumstances, Officer Kelley did not have probable cause to arrest Mr. Lopez-Ramos for driving under the influence of alcohol.

    3.  As a result, the methamphetamine found in Mr. Lopez-Ramos' wallet must be suppressed.

Clerk's Papers (CP) at 24-25.

Following the trial court's suppression ruling, the State moved to dismiss the case without prejudice, and the trial court granted the motion. The State appeals from the trial court's suppression ruling.

ANALYSIS

The State contends that the trial court erred by concluding that Officer Kelley lacked probable cause to arrest Lopez-Ramos for DUI. We hold that the trial court did not err.

I. STANDARD OF REVIEW

We review a decision on a motion to suppress evidence to determine whether substantial evidence supports the trial court's factual findings and whether those findings support the trial court's conclusions of law. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). Substantial evidence exists when there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). We defer to the trier of fact on "issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004). We review conclusions of law de novo. *State v. Johnson*, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

4

## II. CHALLENGED FINDING OF FACT

The State assigns error to the trial court's finding of fact 6, asserting that the record lacks substantial evidence in support of the finding. That challenged finding states, "Officer Kelley testified that after the PBT, he was able to determine that Mr. Lopez-Ramos was impaired." CP at 24. The record clearly supports this finding as Kelley testified, "Once I was done with the PBT I determined that [Lopez-Ramos] was, in fact, impaired and under the influence of alcohol." RP at 17-18.

The State argues that Kelley's reference to his completion of the PBT does not support the inference that he had relied on the PBT result in making his probable cause determination and, rather, "indicate[d] merely a progression in time." Br. of Appellant at 4. We disagree. Kelley's testimony was made in response to the State's question, "Now during your contact with [Lopez-Ramos], based on your observations, were you able to form an opinion about his level of sobriety or his impairment?" RP at 17. Given the context of Kelley's testimony in response to the question of whether he had formed an opinion of Lopez-Ramos' impairment based on his observations, a fair-minded rational finder of fact could infer that he had determined Lopez-Ramos was impaired only after administering the PBT. Accordingly, we hold that substantial evidence supports finding of fact 6.

## II. CHALLENGED CONCLUSIONS OF LAW

Next, the State assigns error to conclusions of law 2 and 3, asserting that the trial court erred by concluding Kelley lacked probable cause to arrest Lopez-Ramos for DUI and, thus,

erred by suppressing evidence seized following his arrest. Again, we disagree.

Under the Fourth Amendment of the United States Constitution and article I, section 7 of the Washington Constitution, a warrantless arrest must be based on probable cause. *State v. Bonds*, 98 Wn.2d 1, 8-9, 12, 653 P.2d 1024 (1982).

> Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in a belief that an offense has been committed.

*State v. Terrovona*, 105 Wn.2d 632, 643, 716 P.2d 295 (1986). Probable cause requires more than "[a] bare suspicion of criminal activity." *Terrovona*, 105 Wn.2d at 643. However, probable cause does not require facts that would establish guilt beyond a reasonable doubt. *State v. Conner*, 58 Wn. App. 90, 98, 791 P.2d 261 (1990). The probable cause determination "rest[s] on the totality of facts and circumstances within the officer's knowledge at the time of the arrest." *State v. Fricks*, 91 Wn.2d 391, 398, 588 P.2d 1328 (1979). Whether probable cause exists is a legal question that we review de novo. *State v. Grande*, 164 Wn.2d 135, 140, 187 P.3d 248 (2008).

The State contends that Kelley, as a "trained Drug Recognition Expert who has many years of training and experience in DUI detection" had probable cause to arrest Lopez-Ramos for DUI absent the PBT results because he observed that Lopez-Ramos had slurred speech, watery and bloodshot eyes, and the odor of alcohol emanating from his mouth. Br. of Appellant at 7. The flaw in the State's contention is that Kelley did not testify that he had formed a belief that Lopez-Ramos was impaired based on those observations independent of the PBT results. Rather, Kelley testified that he formed his belief that Lopez-Ramos was impaired *after* administering the

PBT, which the State has conceded cannot be relied upon in determining probable cause to arrest. Therefore, the trial court properly concluded that Kelley did not have sufficient knowledge to form a belief that Lopez-Ramos was impaired at the time of his arrest absent the PBT results.

The State's reliance on *State v. Cerrillo*, 122 Wn. App. 341, 93 P.3d 960 (2004), *State v. Gillenwater*, 96 Wn. App. 667, 980 P.2d 318 (1999), and *Bokor v. Department of Licensing*, 74 Wn. App. 523, 874 P.2d 168 (1994), is unavailing. Although each of the above cases support the proposition that an officer may determine probable cause to arrest for DUI without relying on the results of a PBT, in each case evidence was presented that the arresting officer made a probable cause determination based on observations independent of PBT results. *See Cerrillo*, 122 Wn. App. at 351 (Officer believed "that the smell of alcohol emanating from Mr. Cerrillo during the first encounter indicated that Mr. Cerrillo likely was under the influence of alcohol."); *Gillenwater*, 96 Wn. App. at 669 (Officer "believed he had probable cause to arrest Gillenwater for DUI" based on observations independent of a PBT result.); *Bokor*, 74 Wn. App. at 525 (Officer "testified he would have determined Mr. Bokor was intoxicated without the portable breath test."). Unlike in *Cerrillo*, *Gillenwater*, and *Bokor*, Kelley did not testify that he had determined Lopez-Ramos was intoxicated based on observations independent of the PBT results.

We therefore hold that the trial court properly concluded Kelley did not have probable cause to arrest Lopez-Ramos for DUI "[i]n the absence of a validly performed PBT, given the totality of the circumstances," and that, as a result, the evidence seized following Lopez-Ramos'

No. 50166-0-II

arrest "must be suppressed." CP at 25. Accordingly, we affirm the trial court's suppression ruling.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, J.

We concur:

Worswick, P.J.

Sutton, J.

8