**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>GERALD SCOTT COMPLITA,<br><br>Petitioner. | No. 55036-9-II<br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Gerald Scott Complita seeks relief from personal restraint imposed as a result of his 2018 convictions for communicating with a minor for immoral purposes and attempted second degree rape of a child.[1] The facts are set forth in his direct appeal. *See State v. Complita*, No. 36641-3-III, slip op. at 1-4 (Wash. Ct. App. Aug. 20, 2019) (unpublished), http://www. courts.wa.gov/opinions/pdf/366413_unp.pdf, *review denied* 194 Wn.2d 1019 (2020).

First, Complita argues that the evidence of communicating with a minor for immoral purposes and attempted child rape was insufficient because "[t]he State never produced evidence that the person with whom I was communicating on October 12, 2017 ever clearly stated an age." Pet. at 3(a)(i). Evidence is sufficient if, after viewing it in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

A Washington State Patrol sergeant posted advertisements in the "Casual Encounters" section of Craigslist. One advertisement started, "'Young, looking for older daddy.'" 1 Verbatim Report of Proceedings (VRP) (Jan. 8, 2018) at 100. A second advertisement started, "'Crazy and

---

[1] Division Three issued its mandate of Complita's direct appeal on January 13, 2020, making his October 7, 2020 petition timely filed. RCW 10.73.090(3)(b).

young, looking to explore, W4M, . . . Bremerton.'" *Id.* at 102. Complita responded to the advertisements.

Washington State Patrol Detective Kristl Pohl, who was serving as a "chatter" who communicates with those who respond to the advertisements, responded to Complita on October 10, 2017. In an October 11, 2017 e-mail responding to Complita, Detective Pohl stated, "I am 13." *Id.* at 152. While she did not refer to age again on October 12, 2017, Detective Pohl testified that it was "well-established" that she and Complita were picking up the communication from the day before. *Id.* at 187. This constitutes sufficient evidence that Complita believed he was arranging for sex with a 13 year old and, therefore, is sufficient evidence that he was guilty of communicating with a minor for immoral purposes and attempted second degree rape of a child.

Second, asserting the same lack of evidence of age on October 12, 2017, Complita argues that the State lacked probable cause to arrest him. But the State had probable cause to arrest Complita without a warrant for both communicating with a minor for immoral purposes and for attempted child rape because, given the totality of the circumstances at the time of the arrest, a reasonably cautious person would have believed Complita had arranged for sex and taken steps to meet with someone he believed to be 13 years old. *See State v. Gillenwater*, 96 Wn. App. 667, 670, 980 P.2d 318 (1999).

Third, asserting that his arrest and detention were unlawful, Complita contends any evidence discovered during that arrest and detention must be suppressed. But having failed to show that the arrest and detention were unlawful, Complita fails to demonstrate that any discovered evidence must be suppressed. Complita also appears to assert a *Brady*[2] violation in the State's delay in providing a picture of the State Trooper whose image had been used to portray the girl in

---

[2] *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

the communication and in providing his own cell phone and e-mail records. But Complita does not show how any delay prejudiced him or how the picture and records were exculpatory evidence.

Fourth, Complita argues that the trial court abused its discretion in admitting evidence of a 2015 communication to arrange sex in which he also communicated with a person who asserted she was 13 years old. But we considered and rejected that argument in his direct appeal. *Complita*, No. 36641-3-III, slip op. at 4-5. Unless Complita shows that the interests of justice require our reconsideration of this issue, he cannot raise this argument again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). Complita makes no such showing.

Fifth, Complita contends his punishment violates the Eighth and Fourteenth Amendments to the United States Constitution and article 1, section 14 of the Washington State Constitution because he was not eligible for a special sex offender sentencing alternative (SSOSA), and his indeterminate sentence is longer than determinate sentences imposed for other defendants. Complita does not show that he had a constitutional right to a SSOSA sentence; it is merely a creature of statute. And Complita does not show that his low-end standard range minimum sentence is so disproportionate as to constitute cruel and unusual punishment.

Sixth, Complita argues that he was denied the defense of entrapment. But this argument was addressed and rejected in his direct appeal, and Complita does not show good cause to raise it again in this petition.

Seventh, Complita argues that excessive bail was imposed before trial. But Complita does not show how this would be a ground for reversal of his convictions. *State v. Ingram*, 9 Wn. App. 2d 482, 496-97, 447 P.3d 192 (2019), *review denied*, 194 Wn.2d 1024 (2020).

Finally,[3] Complita argues that he received ineffective assistance of trial counsel in failing to make the arguments described above to the trial court and failing to object to suppression of dash camera and body camera video evidence from his arrest and Detective Pohl's testimony about her communications with Complita. To establish ineffective assistance of counsel, Complita must demonstrate that his counsel's performance fell below an objective standard of reasonableness and due to that deficient performance, Complita suffered prejudice. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court strongly presumes that trial counsel's performance was reasonable, and legitimate strategic decisions do not constitute deficient performance. *State v. Grier*, 171 Wn.2d 17, 42-43, 246 P.3d 1260 (2011).

Complita demonstrates neither deficient performance nor resulting prejudice. The arguments discussed above all fail, so his counsel was not deficient for failing to make them to the trial court. He does not establish how the dash camera and body camera video of his arrest would have made a difference in his case. Nor does he establish that any of Detective Pohl's testimony was inadmissible or prejudicial.

Complita does not show any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

---

[3] In his reply brief, Complita argues that he was denied his right to be charged by a grand jury indictment rather than by information. Complita has no such right. *State v. Ng*, 104 Wn.2d 763, 775 n.2, 713 P.2d 63 (1985).

No. 55036-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Veljacic, J.