[No. 17559-2-II. Division Two. February 14, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT
MICHAEL BANDURA, *Appellant.*

*John A. Hays,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Thomas C. Duffy, Deputy,* for respondent.

MORGAN, J. — On the evening of February 27, 1993, Robert Michael Bandura, Shirley Ward, and Terry Knowles, Ward's boyfriend, were drinking heavily at Bandura's house. According to the State, Bandura hit Knowles without provocation. Ward stepped between them, and Bandura left the room.

Within a short time, Bandura returned with a machete. Ward intervened again, but moved aside after Bandura used the machete to inflict a small cut on her chest. Bandura then swung the machete at Knowles about 10 times. Simultaneously, Bandura said he was going to kill Knowles. Knowles defended himself with a baseball bat, but nonetheless sustained a three to four inch gash on his head, several gashes on his left arm and hand, and the severance of his left little finger.

The State charged Bandura with first degree assault on Knowles (Count 1) and second degree assault on Ward

(Count 2). On March 5, Bandura appeared for arraignment with attorney James W. Sowder. Bandura pleaded not guilty, and the court set trial for April 19.

On March 26, Bandura moved to substitute attorney Steven W. Thayer for attorney Sowder. He also moved to continue the trial. The court granted both motions and reset trial for June 21.

On April 23, Bandura notified the court that he had discharged attorney Thayer due to "a number of disagreements."[1] Bandura said he was "actively engaged in the process of locating and retaining other counsel and expect[ed] to make financial arrangements to do so in the near future."[2] The court allowed Thayer to withdraw and appointed attorney Barry W. Brandenburg.

On May 25, Bandura moved for a continuance and the appointment of an investigator. The court granted both motions and reset trial for July 21.

On July 16, Bandura retained attorney Michael Foister. Three days later, he moved to substitute Foister for Brandenburg, and to again continue the trial date. The court granted both motions and reset trial for August 23.

Trial began on August 23. At the end of the evidence, attorney Foister proposed lesser included offense instructions allowing the jury to find Bandura guilty of second, third, or fourth degree assault on Count 1, and third or fourth degree assault on Count 2. Although Bandura was present in court at the time, he said nothing; thus, he neither consented nor objected on the record. The trial court gave the proposed lesser included offense instructions, and the jury used those instructions to find Bandura guilty of second degree assault on Count 1 and fourth degree assault on Count 2.

On September 21, Foister filed a written motion for arrest of judgment or in the alternative for new trial. The motion alleged in part:

[1]Supplemental Clerk's Papers at 5.

[2]Supplemental Clerk's Papers at 5.

> Defendant wishes present defense counsel to raise and preserve the issue of adequacy of defense counsel in representing his interest during the trial herein. . . . Defendant wishes to assert that he expressly forbid that a request for lesser included offense instructions be given as to Count 1 in his case. . . . Similarly, the defend[ant] wishes to assert that he expressly forbid that a request for lesser included offense instructions be given as to Count 2 in his case. . . . Further defendant wishes to request of the Court that current counsel be allowed to withdraw as attorney of record herein and that defendant be allowed to substitute a [c]ourt appointed counsel as to all future proceedings herein . . . .[3]

The motion ended with Foister's declaration, made under penalty of perjury, that the facts stated were true and correct to the best of his knowledge and belief.

At a hearing held the same day, Bandura orally asserted that he was unhappy with Foister and wanted Brandenburg instead. The court continued the matter for two days so Brandenburg could attend.

On September 23, Bandura and Foister were again present, but Brandenburg was not. Bandura announced to the court:

> Your Honor, as far as I'm concerned, Mr. Foister has not represented me for some time now . . . I have other counsel arranged to represent me as retained counsel that is awaiting the formal discharging of Mr. Foister by the Court so that that's possible.[4]

Bandura went on to disclose that "other counsel" was attorney Daniel Lorenz, and that Lorenz would need a continuance to familiarize himself with the case.

The court denied yet another continuance and ordered that sentencing proceed that day. The court allowed Foister to withdraw before sentencing and required Bandura, over his objection, to represent himself at sentencing. The

---

[3]Clerk's Papers at 143-44.

[4]Report of Proceedings at 249.

court summarily denied, without oral argument, the motion for arrest of judgment or new trial.[5] After hearing comments from the prosecutor, Bandura, and an attorney named Tilman Hasche,[6] the court imposed consecutive sentences of 41 months on the second degree assault conviction and 209 days on the fourth degree assault conviction, with credit for 209 days served to date.

A week after sentencing, Bandura asked the court to appoint counsel at public expense. The court responded by appointing Bandura's present attorney, John A. Hays.

On appeal, Bandura makes four claims that we will discuss.[7] Three, all of which we reject, arise from his post-trial motion for arrest of judgment or new trial. One, which we accept, involves the denial of counsel at sentencing.

## I

Bandura first claims that the trial court violated his right to procedural due process when it denied him an opportunity to orally argue his post-trial motion.[8] Procedural due process, however, does not mandate oral argu-

---

[5]The court said orally:

"I'm prepared to deny the motion for arrest of judgment or in the alternative for new trial. I've had adequate time to review my notes, reflect upon the record, and there's absolutely no basis in fact for the ineffective assistance of counsel assertion that I can determine, having observed the trial and preparation, preliminary motions and legal arguments."

Report of Proceedings at 250-51.

[6]Hasche told the court that he was Bandura's immigration attorney, that he was appearing only to inform the court that Bandura was likely to be deported, and that he was not undertaking to act as counsel in the criminal case. He contemporaneously filed a written affidavit to that effect, and the court, rather than appointing Hasche to represent Bandura, said to Bandura, "[Y]ou're representing yourself." Report of Proceedings at 250. We reject the State's suggestion, made in its brief on appeal, that Hasche was acting as defense counsel at sentencing.

[7]Bandura's other claims were previously resolved by our commissioner.

[8]To support of this claim, Bandura cites *Flory v. Department of Motor Vehicles*, 84 Wn.2d 568, 527 P.2d 1318 (1974), and *Petition of Puget Sound Power & Light Co.*, 28 Wn. App. 615, 625 P.2d 723, *review denied*, 95 Wn.2d 1026

ment on a written motion.[9] Rather, oral argument is a matter of discretion, so long as the movant is given the opportunity to argue in writing his or her version of the facts and law. Here, the trial court allowed Bandura to present his position in writing, and it did not abuse its discretion.

## II

Bandura next claims that the trial court improperly denied him an evidential hearing on his post-trial motion. Absent that denial, he says, he would have proved that he had decided not to request lesser included offense instructions; that he had communicated his decision to Foister; that Foister disregarded his decision; and thus that Foister rendered ineffective assistance of counsel.

██ ██ In *In re Rice*,[10] the Supreme Court explained the showing that must be made in order to obtain an evidential hearing on a personal restraint petition. It said:

> Finally, we take this opportunity to explain more fully the showing petitioners must make to support a request for a reference hearing. . . .
>
> . . . If the petitioner's allegations are based on matters outside the existing record, the petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief. If the petitioner's evidence is based on knowledge in the possession of others, he may not simply state what he thinks those others would say, but must present their affidavits or other corroborative evidence. The affidavits, in turn, must contain matters to which the affiants may competently testify . . . .

---

(1981). Neither has any bearing on whether a trial court is obligated to grant oral argument on a post-trial motion.

[9]*Matter of Deming*, 108 Wn.2d 82, 95, 736 P.2d 639, 744 P.2d 340 (1987); *Parker v. United Airlines, Inc.*, 32 Wn. App. 722, 728, 649 P.2d 181, *review denied*, 98 Wn.2d 1011 (1982); *see also Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971) (due process not violated by court rule requiring that motions be presented without oral argument); RAP 11.6 (appellate court may decide appeal without oral argument).

[10]118 Wn.2d 876, 885-86, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992).

In our view, these principles apply to post-trial motions as well as to personal restraint petitions.[11] Each of these proceedings involves similar issues, and each occurs after verdict in a criminal case. Moreover, the Supreme Court's rule on post-trial motions expressly requires that facts outside the record be shown by affidavit. CrR 7.6(a).

In this case, no one supplied the trial court with an affidavit, based on personal knowledge, that Bandura had told Foister not to request lesser included offense instructions. Although Foister swore that Bandura "wishes to assert that he expressly forbid that a request for lesser included instructions be given," Foister carefully and obviously refrained from endorsing the truth of Bandura's assertion, or from making any assertion of his own. No one else provided any information at all. In the face of nothing more than an artfully drafted motion, the trial court was not required to schedule or hold an evidential hearing.

## III

Bandura next claims that even if there were no error in denying an evidential hearing, the record as *presently constituted* shows ineffective assistance of counsel. His premise is that he had a right not to be tried on lesser included offenses until such time as he knowingly and voluntarily consented on the record. Alternately phrased, his premise is that he had a right to be tried on the specific crime charged, until such time as he chose to waive that right on the record. Reasoning from that premise, he argues that the record shows no consent or waiver; that Foister nonetheless requested lesser included offense instructions; and thus that Foister rendered ineffective assistance.

■ The constitution does not support Bandura's premise. Although an accused has a constitutional right

---

[11]*Cf.* RCW 10.73.090(2) (equating personal restraint petition with motion for new trial or arrest of judgment).

to notice of the crime with which he or she is charged,[12] this right does not include a right to be tried for only the specific crime charged, or, concomitantly, a right not to be tried for a lesser included offense. Because a defendant is deemed to have notice not only of the specific crime charged, but also of any lesser included offenses,[13] the right to notice is only a right to be tried on a charge "contained in" the indictment or information.[14] It precludes the State from charging one offense and then convicting "of a separate and distinct or a nonincluded offense."[15] It does not, however, preclude the State from charging one offense and then convicting of a lesser included offense.

Additionally, history and the caselaw refute Bandura's premise. "At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged."[16] The purpose was to aid the prosecution when its proof failed to establish some el-

---

[12]U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *Schmuck v. United States*, 489 U.S. 705, 717-18, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989); *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *Russell v. United States.*, 369 U.S. 749, 763, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962); *State v. Schaffer*, 120 Wn.2d 616, 619, 845 P.2d 281 (1993); *State v. Markle*, 118 Wn.2d 424, 431-32, 823 P.2d 1101 (1992); *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991); *State v. Irizarry*, 111 Wn.2d 591, 592, 763 P.2d 432 (1988); *State v. Pelkey*, 109 Wn.2d 484, 487, 745 P.2d 854 (1987); *State v. Bergeron*, 105 Wn.2d 1, 18, 711 P.2d 1000 (1985).

[13]*Schmuck*, 489 U.S. at 717-18; *Fransaw v. Lynaugh*, 810 F.2d 518, 529 (5th Cir.), *cert. denied*, 483 U.S. 1008 (1987); *Walker v. United States*, 418 F.2d 1116, 1119 (D.C. Cir. 1969); *State v. Sheldon*, 301 N.W.2d 604, 608 (N.D. 1980), *cert. denied*, 450 U.S. 1002 (1981); *see also In re Friedrich*, 51 F. 747, 748 (C.C. Wash. 1892) (dicta; "A pleading which clearly and distinctly alleges all the facts essential [to] constitute the lesser offenses included within the highest suffices to tender an issue as to each fact, and as to each offense"), *aff'd sub nom Ex parte Frederich*, 149 U.S. 70, 13 S. Ct. 793, 37 L. Ed. 653 (1893); *State v. Murphy*, 13 Wash. 229, 232, 43 P. 44 (1895) ("an information charging murder in the first degree also charges murder in the second degree and manslaughter, since it is familiar law that a person cannot be convicted of a crime without first having been charged therewith by indictment or information").

[14]*Schmuck*, 489 U.S. at 717.

[15]*State v. Bussi*, 121 Wash. 314, 318, 209 P. 523 (1922).

[16]*Beck v. Alabama*, 447 U.S. 625, 633, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980) (citing 2 M. HALE, PLEAS OF THE CROWN 301-02 (1736); 2 W. HAWKINS, PLEAS OF THE CROWN 623 (6th ed. 1787); 1 J. CHITTY, CRIMINAL LAW 250 (5th Am. ed. 1847); T. STARKIE, TREATISE ON CRIMINAL PLEADING 351-52 (2d ed. 1822)).

ement of the specific crime charged.[17] Congress codified the common law by statute in 1872,[18] and by court rule in 1944.[19] Washington Territory codified the common law in 1854 and 1881,[20] and Washington State codified it again, at least partially, in 1909.[21] Today, as a general rule, a court can give an otherwise appropriate lesser included offense instruction on request of either the state or the accused, or even on the court's own initiative.[22] Clearly, this history is inconsistent with the accused's having a right to be tried only on the specific crime charged, or, conversely, a right not to be tried on a lesser included offense. We conclude that Bandura's premise is false, and that noth-

---

[17]*Schmuck*, 489 U.S. at 717 n.9; *Beck*, 447 U.S. at 633; *Keeble v. United States*, 412 U.S. 205, 208, 93 S. Ct. 1993, 36 L. Ed. 2d 844 (1973); *United States v. Harary*, 457 F.2d 471, 478 (2d Cir. 1972); *Fuller v. United States*, 407 F.2d 1199, 1230 n.40 (D.C. Cir. 1968), *cert. denied*, 393 U.S. 1120 (1969); *Kelly v. United States*, 370 F.2d 227, 229 (D.C. Cir. 1966), *cert. denied*, 388 U.S. 913 (1967); 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE CRIMINAL, § 514 at 20 (2d ed. 1982); 8A ROBERT M. CIPES ET AL., MOORE'S FEDERAL PRACTICE: RULES OF CRIMINAL PROCEDURE 31.03, at 31-18.

[18]Act of June 1, 1872, ch. 255, § 9, 17 Stat. 196, 198 (1872) ("[I]n all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."); *Schmuck*, 489 U.S. at 719.

[19]Fed. R. Crim. P. 31(c). It states: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." According to the advisory comment, Rule 31(c) is intended to restate the law of lesser offenses existing at the time of its adoption. *Schmuck*, 489 U.S. at 718-19; *Keeble*, 412 U.S. at 208 n.6; *Berra v. United States*, 351 U.S. 131, 134 n.6, 76 S. Ct. 685, 100 L. Ed. 1013 (1956).

[20]RCW 10.61.003 (enacted by CODE 1881, § 1097; amended by LAWS OF 1891, ch. 28, § 75; source LAWS OF 1854, § 122, at 120); RCW 10.61.006 (enacted by CODE 1881, § 1098; amended by LAWS OF 1891, ch. 28, § 76; source LAWS OF 1854, § 123 at 120).

[21]RCW 10.61.010 (enacted by LAWS OF 1909, ch. 249, § 11).

[22]*United States v. McGill*, 964 F.2d 222, 240 (3d Cir.), *cert. denied*, 506 U.S. 1023 (1992); *United States v. Iron Shell*, 633 F.2d 77, 88 (8th Cir. 1980), *cert. denied*, 450 U.S. 1001 (1981); *United States v. Stolarz*, 550 F.2d 488, 492-93 (9th Cir.), *cert. denied*, 434 U.S. 851 (1977); *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974); *Harary*, 457 F.2d at 478; *Fuller*, 407 F.2d at 1229-30; *United States v. Singleton*, 447 F. Supp. 852, 854 (S.D.N.Y. 1978); *Sheldon*, 301 N.W.2d at 608; 2 C. WRIGHT, *supra* note 16, § 498, at 800; 8A R. CIPES, *supra* note 16 ¶ 31.03, at 31-18.

ing in the present record indicates ineffective assistance of counsel.

## IV

 Bandura lastly contends the trial court erred by requiring him to represent himself at sentencing. A defendant has a right to counsel at every critical stage of the case,[23] and sentencing is such a stage.[24] A defendant can waive his right to counsel, but he must do so knowingly, voluntarily, and intelligently.[25]

 This is not to say that a trial court must delay a previously scheduled trial or hearing whenever a defendant demands new counsel. If a demand for new counsel is untimely, or otherwise unwarranted, the court has discretion (a) to require that present counsel remain and that the case proceed as scheduled or (b) to relieve present counsel and postpone further proceedings until new counsel can appear.[26] When a critical stage of the proceeding is upcoming, however, the court cannot relieve present counsel and require a non-waiving defendant to proceed without counsel.[27]

Here, Bandura's request for new counsel was certainly untimely and very possibly unwarranted. Thus, the trial court's options were (a) to require that Foister remain in

[23]*United States v. Wade*, 388 U.S. 218, 224-27, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967); *State v. Tinkham*, 74 Wn. App. 102, 109, 871 P.2d 1127 (1994).

[24]*Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977); *Tinkham*, 74 Wn. App. at 109-10.

[25]*State v. DeWeese*, 117 Wn.2d 369, 377, 816 P.2d 1 (1991); *State v. Bebb*, 108 Wn.2d 515, 525, 740 P.2d 829 (1987); *State v. Osborne*, 70 Wn. App. 640, 644, 855 P.2d 302 (1993).

[26]*DeWeese*, 117 Wn.2d at 377; *Bebb*, 108 Wn.2d at 524; *Osborne*, 70 Wn. App. at 644-46; *State v. Early*, 70 Wn. App. 452, 457-58, 853 P.2d 964 (1993), *review denied*, 123 Wn.2d 1004 (1994); *State v. Staten*, 60 Wn. App. 163, 169, 802 P.2d 1384, *review denied*, 117 Wn.2d 1011 (1991); *State v. Chase*, 59 Wn. App. 501, 506-07, 799 P.2d 272 (1990); *State v. Sinclair*, 46 Wn. App. 433, 436-37, 730 P.2d 742 (1986), *review denied*, 108 Wn.2d 1006 (1987).

[27]*Osborne*, 70 Wn. App. at 644-645, 646; *see also DeWeese*, 117 Wn.2d at 377; *City of Tacoma v. Bishop*, 82 Wn. App. 850, 861-64, 920 P.2d 214 (1996).

the case and that sentencing proceed as scheduled, or (b) to relieve Foister and postpone sentencing until new counsel appeared. The court ruled, however, that it would relieve Foister and require Bandura, who was continuing to demand counsel, to proceed to sentencing without counsel. This abridged the right to counsel, and Bandura is entitled to be resentenced.

The convictions are affirmed, the sentence is vacated, and the case is remanded for resentencing.

HOUGHTON, C.J., and BRIDGEWATER, J., concur.

Review denied at 132 Wn.2d 1004 (1997).