IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of | No. 83306-5-I |
| M.N. | DIVISION ONE |
| | UNPUBLISHED OPINION |

CHUN, J. — A superior court commissioner ordered M.N. to 180 days of involuntary treatment. M.N. moved to revise the commissioner's order. The trial court denied M.N.'s motion on the pleadings without hearing oral argument. M.N. appeals, contending the failure to hear oral argument violated his right to due process. For the reasons below, we affirm.

## I. BACKGROUND

M.N. has a long history of involuntary commitments, including less restrictive alternative (LRA) placements. On August 21, 2020, Western State Hospital staff petitioned to commit M.N. for an additional 180 days under chapter 71.05 RCW, claiming he was gravely disabled. The petition recommended an LRA placement when available.

A Pierce County Superior Court commissioner held a hearing on the petition on September 14. Dr. Wendi Wachsmuth, a clinical psychologist, testified that M.N.'s symptoms were consistent with a diagnosis of schizophrenia. The commissioner found that M.N. was gravely disabled and ordered 180 days of

Citations and pin cites are based on the Westlaw online version of the cited material.

involuntary treatment. The commissioner also found him eligible for an LRA placement.

M.N. moved to revise the commissioner's ruling under Pierce County Local Rule (PCLR) 7(a)(12). He sought revision of the commissioner's findings that he suffers from a behavioral health disorder and is gravely disabled and made written arguments supporting his motion.

A Pierce County Superior Court judge entered a ruling denying M.N.'s motion without hearing oral argument on the motion. The ruling provided that, "This order was entered based on the pleadings filed. Due to the COVID-19 public health emergency, there were no personal appearances" and stated that the court "reviewed the records and files herein."

M.N. appeals.

## II. ANALYSIS

M.N. says the trial court violated his right to due process when it ruled on his motion for revision without hearing oral argument.[1] He contends he has a procedural due process right to present oral argument in this context and that PCLR 7(a)(12)(A) mandated that the trial court allow oral argument. The State says that procedural due process does not require oral argument on a motion and that the trial court properly exercised its discretion by not holding a hearing.

---

[1] The parties agree that this appeal is not moot. See In re Det. of M.K., 168 Wn. App. 621, 625, 279 P.3d 897 (2012) (holding that an appeal of an involuntary commitment which has lapsed is not moot because the commitment "may have adverse consequences on future involuntary commitment determinations").

We conclude the trial court did not violate M.N.'s right to due process.[2]

"We review alleged violations of due process de novo."  In re Welfare of D.E., 196 Wn.2d 92, 102, 469 P.3d 1163 (2020).

The Fourteenth Amendment to the United States Constitution guarantees that government will not deprive an individual of "life, liberty, or property, without due process of law."  And Article I, section 3 of the Washington Constitution guarantees that "[n]o person shall be deprived of life, liberty, or property, without due process of law."  "[T]he state constitution does not afford greater due process protections than the federal constitution."  Prostov v. State, Dep't of Licensing, 186 Wn. App. 795, 810 n.12, 349 P.3d 874 (2015).  Procedural due process is flexible and its requirements change based on context but at minimum it requires notice and an opportunity to be meaningfully heard.  In re Det. of Stout, 159 Wn.2d 357, 370, 150 P.3d 86 (2007); In re Pers. Restraint of Bush, 164 Wn.2d 697, 704–05, 193 P.3d 103 (2008).

M.N. relies on PCLR 7(a)(12)(A) to contend that the court failed to follow the mandated procedure by not hearing oral argument and that such a failure violated his right to due process.  PCLR 7(a)(12)(A) provides that a motion for

---

[2] The State contends that RAP 2.5(a) precludes our review of this appeal because M.N. did not object to the lack of oral argument below.  But M.N. notes that he did not have an opportunity to so object.  The State does not cite authority explaining how M.N. should have preserved error in this situation.  M.N. likewise does not cite applicable authority.  In any event, we have the discretion to address the merits of this case in the interest of fundamental justice.  See State v. Card, 48 Wn. App. 781, 784, 741 P.2d 65 (1987) ("RAP 2.5(a) is phrased to allow the court discretion to refuse to hear arguments raised for the first time on appeal—it says the court "may" refuse.  Washington courts have allowed issues to be considered for the first time on appeal when fundamental justice so requires.").  To the extent RAP 2.5(a) applies, we exercise this discretion.

revision "shall be scheduled for argument . . . no later than 30 days from the Commissioner's written order." But the State responds that PCLR 7(a)(10) establishes that hearing oral argument is within the discretion of the superior court. PCLR 7(a)(10) provides that the court "may, in its discretion or for good cause shown, waive oral argument for civil motions." M.N. does not explain how the court abused its discretion under PCLR 7(a)(10).

The court's exercise of its discretion to waive oral argument for M.N.'s motion does not violate his due process right because that right does not guarantee oral argument on motions.[3]  See Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002) ("'oral argument [on a motion] is not a due process right'" (alteration in original)) (quoting Hanson v. Shim, 87 Wn. App. 538, 551, 943 P.2d 322 (1997)); State v. Bandura, 85 Wn. App. 87, 92–93, 931 P.2d 174 (1997) (rejecting appellant's claim that the "trial court violated his right to procedural due process when it denied him an opportunity to orally argue his post-trial motion" because procedural due process

---

[3] We recognize the significance of M.N.'s motion for revision, which challenged the imposition of 180 days of involuntary commitment. See In re Det. of M.S., 18 Wn. App. 2d 651, 656, 492 P.3d 882 (2021), review denied, 501 P.3d 134 (Wash. 2022) (noting that civil commitment is a "'significant deprivation of liberty'" (quoting Addington v. Texas, 441 U.S. 418, 425, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1979))). But we also recognize the procedural context of the motion: It followed an ITA hearing at which M.N. had the right to a jury trial—which he waived—and the right to present evidence in accordance with "the constitutional guarantees of due process of law and the rules of evidence under RCW 71.05.217." RCW 71.05.310; see also PCLR 0.4(a)(3), 7(b)(3) (ITA cases proceed before a commissioner unless a jury trial is requested); RCW 71.05.310 (right to jury trial), 71.05.217 (right to present evidence). At the revision motion stage, the superior court does not review new evidence, it instead reviews de novo the commissioner's decision based on the evidence before the commissioner. See State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004).

"does not mandate oral argument on a written motion").[4]  M.N. had the opportunity to be meaningfully heard via his written argument in his motion as guaranteed by procedural due process.  See Bandura, 85 Wn. App. at 93 ("Rather, oral argument is a matter of discretion, so long as the movant is given the opportunity to argue in writing his or her version of the facts and law.").[5]

We affirm.

_____
Chun, J.

WE CONCUR:

_____         _____
Bowman, J                         Smith, J.

---

[4] See Chen v. Halamay, No. 76929-4-I, slip op. at 15–16 (Wash. Ct. App. Feb. 10, 2020) (Unpublished) ("procedural due process does not mandate oral argument on a written motion") https://www.courts.wa.gov/opinions/ pdf/769294.pdf, review denied, 196 Wn.2d 1017, 474 P.3d 1058 (2020), cert. denied, 141 S. Ct. 2805 (2021); see GR 14.1 ("Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions.").

[5] Chen, No. 76929-4-I, slip op. at 16 (noting that the appellant "had ample opportunity to advance her arguments in writing"); see GR 14.1.