# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| STATE OF WASHINGTON, | No. 58108-6-II |
| --- | --- |
| Respondent, | |
| v. | |
| PASCUAL VALENZUELA, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—In 2010, Pascual Valenzuela stabbed a man three times with a kitchen knife. The State charged Valenzuela with attempted first degree murder. Valenzuela then pleaded guilty to first degree assault. At that time, Valenzuela's offender score included 2 points linked to a prior simple drug possession conviction. The sentencing court imposed the agreed recommended standard range sentence of 220 months.

In 2022, Valenzuela filed a CrR 7.8 motion for relief from judgment, arguing that because the sentencing court calculated his offender score using a conviction *State v. Blake*[1] had rendered void, his guilty plea was involuntary, and he was entitled to withdraw it. The State responded that Valenzuela was entitled to be resentenced with a lower offender score, but he was not entitled to withdraw his plea. The trial court held a show cause hearing and ultimately denied the motion. Valenzuela appeals the denial, and his appeal includes a statement of additional grounds.

We affirm.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

FACTS

In August 2010, Valenzuela was arrested for stabbing someone. The declaration of probable cause alleged that Valenzuela stabbed a man three times with a "small kitchen knife." Clerk's Papers (CP) at 2. The officer who prepared the declaration wrote, "Valenzuela admitted to stabbing the victim and stated, 'I want you to know, I did this because he raped my cousin.'" *Id.*

A day later, after further investigation, the State charged Valenzuela with attempted first degree murder. The prosecutor who prepared the declaration of probable cause wrote that he spoke with the victim, who alleged that the day before the stabbing, Valenzuela believed he had raped Valenzuela's cousin. Valenzuela told the stabbing victim he was going to kill the person responsible for the rape. The victim's girlfriend told the prosecutor she witnessed this conversation. The victim described the knife Valenzuela used to stab him as a steak knife with a six-inch or eight-inch blade.

In 2011, Valenzuela pleaded guilty to first degree assault with a deadly weapon enhancement. The parties agreed to a recommended sentence of 220 months, or 18.3 years, which the sentencing court imposed. The judgment and sentence indicated that Valenzuela's standard range, including the enhancement, was 186 to 240 months. Had Valenzuela been convicted of attempted first degree murder, his standard range would have been 258 to 336 months, or 21.5 to 28 years.

When Valenzuela pleaded guilty, his offender score was 6. It included 1 point for a prior drug possession conviction and 1 point for committing the assault while on community custody for the drug possession conviction.

In 2022, Valenzuela filed two CrR 7.8 motions for relief from judgment on the same day. In both motions, Valenzuela sought relief because the sentencing court calculated his sentencing range using a conviction *Blake* had rendered void. In his first motion, he requested resentencing with a corrected offender score. But in his second motion, he argued that he was entitled to withdraw his guilty plea because it was based on an "erroneous offender score" and "a [nonexistent] crime." CP at 111-12. He contended that the motion was timely, despite the fact that his conviction became final more than one year before he filed the motions because his judgment and sentence was facially invalid. He did not claim any other basis for avoiding the time bar.

The trial court ordered a show cause hearing, as called for under CrR 7.8(c)(3). At the hearing, Valenzuela's defense attorney argued that Valenzuela's guilty plea was involuntary. The defense attorney said Valenzuela confirmed before the hearing that if his offender score had been lower, he would have gone to trial instead of pleading guilty. And the defense attorney contended that the State had overcharged Valenzuela, stating that it was not clear Valenzuela had attempted to "kill an individual with what was described as a small kitchen knife." Verbatim Rep. of Proc. (VRP) at 15. Valenzuela did not offer any other explanation or evidence to minimize the seriousness of his crime or to support his statement that he would not have pleaded guilty if his offender score had been 4 rather than 6.

The State responded that Valenzuela could seek resentencing because of the facial invalidity of his *judgment and sentence*, but his *guilty plea* was not facially invalid, so the attempt to withdraw the guilty plea was untimely. The trial court asked Valenzuela about his position on "a potential resentencing," and Valenzuela responded that if the trial court were to deny his motion

to withdraw his guilty plea, he would prefer to appeal the denial rather than proceeding to resentencing on the lower offender score. VRP at 26.

The trial court later denied Valenzuela's CrR 7.8 motion to withdraw his guilty plea. Valenzuela appeals the denial of his CrR 7.8 motion and the appeal includes a statement of additional grounds.

## ANALYSIS

### I. DENIAL OF A CrR 7.8 MOTION

A.    Collateral Attack of a Final Judgment and Sentence

Under CrR 7.8, a superior court "may relieve a party from a final judgment" when the "judgment is void." CrR 7.8(b)(4). A motion to withdraw a guilty plea under CrR 7.8 is a collateral attack on a judgment and sentence. RCW 10.73.090(2). A defendant generally cannot collaterally attack a judgment and sentence more than one year after the judgment became final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A judgment and sentence is facially invalid if the sentence is excessive due to "an improperly calculated offender score in a negotiated plea agreement." *In re Pers. Restraint of Sylvester*, 24 Wn. App. 2d 769, 775, 520 P.3d 1123 (2022). Additionally, RCW 10.73.090's time limit does not apply when the defendant's motion is "based solely on . . . a significant change in the law" that is material to their sentence and "a court . . . determines that sufficient reasons exist to require retroactive application of the changed legal standard." RCW 10.73.100(6).

If the one-year time limit does not bar a defendant's claim that their guilty plea was involuntary, the defendant must still show that the error caused actual and substantial prejudice. *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). Specifically, the defendant must show

4

that "a rational person in [their] situation would more likely than not have rejected the plea and proceeded to trial." *Id.* at 69.

We review a trial court's denial of a CrR 7.8 motion for abuse of discretion. *State v. Pascuzzi*, 29 Wn. App. 2d 528, 533, 541 P.3d 415 (2024). "A trial court abuses its discretion if its decision rests on untenable factual grounds or was made for untenable legal reasons." *State v. Frohs*, 22 Wn. App. 2d 88, 92, 511 P.3d 1288 (2022).

B.      The Parties' Arguments

Valenzuela argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. He contends that he overcomes the one-year time limit for collaterally attacking a final judgment and sentence because his motion met the exception in RCW 10.73.100(6) for "significant retroactive changes in the law that are material to the conviction or sentence." Br. of Appellant at 9. He further contends that his plea was involuntary because it was "predicated on false information," namely that the State could use an invalidated drug possession conviction to calculate his offender score. *Id.* at 10. And he contends that this error prejudiced him "because the State's attempted murder case was weak, so the only realistic risk was" a first degree assault conviction, which would have resulted in a shorter sentence if his offender score had been lower. *Id.* at 21.

The State responds that Valenzuela argues for the first time on appeal "that his collateral attack on the voluntariness of his plea is timely based on the significant change in the law exception found in RCW 10.73.100(6)," rather than facial invalidity. Br. of Resp't at 7. The State contends that because Valenzuela does not argue that the error is a manifest constitutional error under RAP 2.5(a)(3), we "should consider Valenzuela's new argument waived." *Id.* The State further contends

that Valenzuela's argument fails on the merits because there are "no meaningful differences between" this case and *State v. Olsen*,[2] where we held that the defendant's guilty pleas to drug possession charges were knowing, voluntary, and intelligent despite the fact that *Blake* later held that the drug possession statute was unconstitutional. *Id.* at 10. Finally, the State argues that even if the trial court erred in denying his CrR 7.8 motion, Valenzuela has not established prejudice.

Valenzuela replies that we should not decide the merits of the State's argument "regarding the strength of the attempted murder evidence" without a reference hearing. Reply Br. of Appellant at 17 (boldface omitted).

C.      Withdrawal of a Plea

To prevail, Valenzuela must establish that a rational person in his position, more likely than not, would have insisted on going to trial had his offender score been 4 instead of 6. *See Buckman*, 190 Wn.2d at 65. In determining whether a rational person would have rejected the plea deal had the offender score been lower, we consider the error's practical effects in light of the totality of the evidence in the defendant's case. *See id.* at 66. We "require something more than a 'bare allegation'" that the defendant would not have pleaded guilty if there had been no error. *Id.* at 69 (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993)).

For example, in *Buckman*, the defendant pleaded guilty to second degree rape of a child after having a sexual relationship with a 13-year-old girl when he was 17 years old, and the Washington Supreme Court held that there was no "reason to think that a rational person in Buckman's situation would in fact have chosen to proceed to trial." *Id.* at 70. The court reasoned

---

[2] 26 Wn. App. 2d 722, 727, 730, 530 P.3d 249, *review granted*, 2 Wn.3d 1006 (2023).

that there was "overwhelming evidence" of Buckman's guilt, as both Buckman and the girl "confirmed that the relationship was sexual and claimed that it was consensual." *Id.*

D.      Actual and Substantial Prejudice in This Case

Here, even if we assume without deciding that Valenzuela's claim is not time barred, he has not met his burden of showing the trial court abused its discretion in denying his CrR 7.8 motion. He fails to show that a rational person in his situation more likely than not would have proceeded to trial. At the show cause hearing, Valenzuela's defense attorney said Valenzuela confirmed before the hearing that if his offender score had been lower, he would not have pleaded guilty and would have gone to trial instead. But in this context, a defendant needs more than a "'bare allegation'" to prove prejudice. *Buckman*, 190 Wn.2d at 69 (quoting *Riley*, 122 Wn.2d at 782).

Valenzuela relies on his contention that the State had a "weak" case for attempted murder, the charge predating the plea agreement. Br. of Appellant at 5. At the show cause hearing below, Valenzuela's defense attorney asserted that the State had overcharged Valenzuela, arguing that it was debatable whether Valenzuela had attempted to "kill an individual with what was described as a small kitchen knife" or whether Valenzuela had instead committed assault. VRP at 15. But the declaration of probable cause supporting the attempted first degree murder charge alleged that the day before the incident, Valenzuela believed the victim had raped his cousin and specifically told the victim that he planned on killing the person who committed the rape. And the victim's girlfriend heard him make this threat.

It is unlikely that a rational person aware of this potential evidence would have rejected the offer to plead guilty to first degree assault and proceeded to trial on the attempted murder charge.

The State explains that if Valenzuela's offender score had been 4 instead of 6, had he lost at trial, the standard range for his sentence, including the deadly weapon enhancement, would have been 234.75 months to 304.5 months or 19.6 to 25.4 years. Valenzuela does not contest this calculation. A sentence in the middle of that range would have been several years longer than the 220-month sentence Valenzuela ultimately received, and even longer than the sentence he would have ultimately received had he pleaded guilty to first degree assault with an offender score of 4.[3]

Although Valenzuela argues that we should not decide the issue of prejudice without a reference hearing, he has given us no basis for granting one. A defendant is entitled to a reference hearing if they raise "disputed material facts that, if proved, would establish prejudice." *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 542, 397 P.3d 90 (2017); *see State v. Bandura*, 85 Wn. App. 87, 93-94, 931 P.2d 174 (1997) (discussing the showing a personal restraint petitioner must make to obtain a reference hearing and holding that "these principles apply to post-trial motions as well"). The defendant must state these facts with particularity and "present evidence showing that [the] factual allegations are based on more than speculation, conjecture, or inadmissible hearsay." *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). "Bald assertions and conclusory allegations will not support the holding of a hearing." *Id.* Valenzuela asserts that the State's attempted first degree murder case was weak, but he offered no more detailed description of facts at the show cause hearing to dispute the allegation that Valenzuela effectively threatened to kill the victim the day before he stabbed him.

---

[3] Again, the State has conceded that Valenzuela is entitled to be resentenced without the offender score points that relied on his now vacated simple possession conviction.

Given Valenzuela's reliance on his argument that the State's attempted murder case was weak, and given his failure to allege specific facts at the show cause hearing to support that contention, he did not sufficiently demonstrate prejudice at the show cause hearing. The trial court did not abuse its discretion when it denied his CrR 7.8 motion to withdraw his guilty plea.

## II. STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds, Valenzuela argues that when the State responded to his CrR 7.8 motion, it violated the ex post facto clause by mentioning convictions that took place after his first degree assault conviction.

"The ex post facto clauses of the federal and state constitutions forbid the State from enacting any law which imposes punishment for an act which was not punishable when committed or increases the quantum of punishment annexed to the crime when it was committed." *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994).

Valenzuela has not shown that the State punished him for an act that was not punishable when he committed it. Valenzuela has also not shown that the State increased the punishment for a crime he committed after he committed it. The mention of prior convictions does not constitute punishment.

Valenzuela is not entitled to relief based on the ex post facto clauses.

## CONCLUSION

We affirm.

9

No. 58108-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, P.J.

PRICE, J.