IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>DANIELLE HASHMAN,<br><br>     Respondent,<br><br>and<br><br>MICHELLE DOYLE fka/SHEA,<br><br>     Appellant. | No. 86072-1-I<br><br>DIVISION ONE<br><br>ORDER WITHDRAWING AND SUBSTITUTING OPINION |

The court has determined that the opinion in the above-entitled case filed on July 15, 2024 shall be withdrawn and a substitute opinion be filed. Now, therefore, it is hereby

ORDERED that the opinion filed on July 15, 2024 is withdrawn and a substitute opinion shall be filed.

FOR THE COURT:

_Feldman, J._

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>DANIELLE HASHMAN,<br><br>        Respondent,<br><br>and<br><br>MICHELLE DOYLE fka/SHEA,<br><br>        Appellant. | No. 86072-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Michelle Doyle appeals a superior court order vacating a commissioners ruling that her former spouse, Danielle Hashman, "is in contempt" due to her failure to comply with the parenting plan for their daughter. Doyle claims that the superior court erred by (a) deciding Hashman's motion for revision of the commissioner's ruling without oral argument and (b) failing to review the commissioner's ruling "de novo" when deciding that motion. Because Doyle has not established reversible error, we affirm.

I

Michelle Doyle and Danielle Hashman are divorced spouses who share parental responsibility for their daughter. A court ordered parenting plan details their parenting arrangement, including drop off times, rights of the nonresident parent, and a schedule for dividing parenting time during holidays.

In September 2023, Doyle filed a motion for contempt based on alleged violations of the parenting plan. Relevant here, Doyle argued that Hashman violated the parenting plan when she delayed an exchange of their daughter by one hour at the end of a holiday weekend. Following a contempt hearing, a commissioner found, "Danielle Hashman delayed an exchange by one hour on 9/5/2023 in violation of ¶ ¶ 8, 10" of the parenting plan. The commissioner also found, "When [Hashman] did **not** obey the parenting/custody order, they did not act in bad faith." The order then states, "Danielle Nicole Hashman **is** in contempt." Based on that determination, the commissioner ordered one hour of makeup parenting time and entered a money judgment in Doyle's favor for "Lawyer fees and costs" totaling $224.98.

On November 13, 2023, Hashman filed a motion for revision of the commissioner's order in King County Superior Court. Hashman noted the motion for decision on November 27 and expressly designated the motion for decision "Without oral argument." On November 14, the motion was reassigned to a new judge, but the hearing date was not changed. In preparation for the hearing, Hashman filed a working papers submission list that listed 10 documents for the court to review. Doyle then filed a detailed response to Hashman's motion for revision, which indicated "ORAL ARGUMENT REQUESTED," and submitted her own working papers submission list that listed 19 documents for the court to review.

On November 28, the superior court entered an order granting Hashman's motion for revision. The court's order states in relevant part:

After reviewing the record de novo and all relevant law this court rules as follows:

The Court adopts the findings made by the Commissioner on the record on October 27, 2023 and in the written order and agrees that the Petitioner didn't act in bad faith in returning the child at 6:00 p.m. rather than 5:00 p.m.

However, the Commission then erred when it found the Petitioner in contempt as a contempt requires bad faith.

Petitioner's motion for Revision is Granted.

Despite Doyle's request for oral argument, the superior court decided the motion without oral argument. Doyle appeals.

II

A.     Oral Argument

Doyle argues the superior court erred in deciding Hashman's motion for revision without oral argument. We disagree.

King County Local Rules (KCLCR) and King County Family Court Rules (KCFCR) govern the procedure for submitting and deciding a motion for revision of a commissioner's order. Relevant here, KCLCR 7(b)(3)(A)(ii) states that motions for revision of a commissioner's order are to be noted with oral argument except in circumstances not applicable here, but then provides: "The judge may strike oral argument." Although the rule requires the moving party (here, Hashman) to note a motion for revision with oral argument, it does not constrain a judge's discretion to strike oral argument and rule on a motion for revision based on the parties' written submissions, as the superior court did here. When a trial court exercises its discretion to decide a motion without oral argument, we review that decision for abuse of discretion. *State v. Bandura*, 85 Wn. App. 87, 92-93,

- 3 -

931 P.2d 174 (1997). A court abuses its discretion by exercising it on untenable grounds or for untenable reasons. *In re Marrige of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010).

*Bandura* is instructive on this point. Bandura argued there that the trial court violated his right to procedural due process when it denied him an opportunity to orally argue a posttrial motion. 85 Wn. App. at 92. The court rejected that argument and held, "Procedural due process . . . does not mandate oral argument on a written motion." Critical here, the court added that "*oral argument is a matter of discretion, so long as the movant is given the opportunity to argue in writing his or her version of the facts and law*. Here, the trial court allowed Bandura to present his position in writing, and it did not abuse its discretion." *Id*. at 92-93 (footnote omitted, emphasis added). In support of its holding, the court cited two Washington cases regarding due process principles, observed that appellate courts in Washington also may decide an appeal without oral argument, and noted that the Ninth Circuit has likewise held that due process is not violated by court rules requiring that motions be presented without oral argument. *Id.* at 93 n.9 (citing *Matter of Deming*, 108 Wn.2d 82, 95, 736 P.2d 639 (1987), *Parker v. United Airlines, Inc.*, 32 Wn. App. 722, 728, 649 P.2d 181 (1982), current RAP 11.4(j), and *Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir.1971)).

While the court's analysis in *Bandura* is couched in constitutional terms, the same reasoning and result are equally applicable here. The superior court in this case exercised its discretion, as KCLCR 7(b)(3)(A)(ii) and *Bandura* permit, to decide Hashman's motion for revision without oral argument. Before the court decided Hashman's motion, it had received Doyle's detailed response to the

motion as well as her working papers submission list that listed 19 documents that Doyle prompted the court to review. Thus, while Doyle was denied the opportunity to orally argue Hashman's motion, she was able to present her position in writing. As in *Bandura*, the superior court did not abuse its discretion when it granted Hashman's motion without oral argument.

On this record, Doyle's reliance on *Zurich Services Corporation v. Gene Mace Construction, LLC*, 26 Wn. App. 2d 10, 526 P.3d 46 (2023), is misplaced. In *Zurich*, the court held that a party challenging a trial court's procedural errors "must demonstrate it was prejudiced by the trial court's actions." *Id.* at 28. The court also explained that where the alleged error relates to an order shortening time, prejudice would consist of "a lack of actual notice, a lack of time to prepare for the motion, and no opportunity to submit case authority or provide countervailing oral argument." *Id*. The complaining party in *Zurich* was able to establish prejudice because the trial court's procedural errors left it with inadequate time to respond to a dispositive motion. *Id.* Here, in contrast, Doyle submitted substantial briefing opposing Hashman's motion for revision, showing she had actual notice, adequate time to prepare, and the opportunity to submit case authority and argument in response to the motion. Thus, *Zurich* does not require reversal here.[1]

---

[1] Doyle alleges several other "procedural irregularities" relating to the motion for revision—such as Hashman's failure to renote the motion when it was assigned to a new judge and Hashman's allegedly incomplete working papers submission list—but these deficiencies are attributable to Hashman, not the superior court, and Doyle cites no authority for her argument that any such irregularity requires automatic reversal here. *See Seattle Bulk Shipping, Inc. v. Dep't of Labor and Indus.*, 25 Wn. App. 2d 762, 778, 524 P.3d 733 (2023) ("Where no authorities are cited in support of a proposition, we are not required to search out authorities but may assume that counsel, after a diligent search, has found none."). To the extent these deficiencies are chargeable to the superior court, *Zurich* requires prejudice, and Doyle—as discussed above—cannot show that she was prejudiced by any trial court deviation or irregularity here because she had actual notice of the November 27 hearing date for Hashman's motion, which remained unchanged after the case was

B.      De Novo Review

Doyle next argues that the superior court failed to conduct the required de novo review when it decided Hashman's motion for revision.  We disagree.

When a superior court decides a motion for revision of a commissioner's order, it considers "the records of the case, and the findings of fact and conclusions of law entered by the court commissioner."  RCW 2.24.050.  This review is "de novo based upon the evidence and issues presented to the commissioner."  *State v. Ramer,* 151 Wn.2d 106, 113, 86 P.3d 132 (2004).  Because the superior court applies de novo review, it is not required to defer to the discretion of the commissioner and can redetermine both the facts and legal conclusions drawn from the facts.  *In re Marriage of Dodd*, 120 Wn. App. 638, 645, 86 P.3d 801 (2004).  Determining the appropriate legal standard and assessing whether a trial court applied the correct legal standard are issues of law that we review de novo.  *In re Dependency of M.H.P.*, 184 Wn.2d 741, 752-53, 364 P.3d 94 (2015).

The record shows that the superior court applied the correct de novo standard in deciding Hashman's motion for revision.  Its order granting Hashman's motion states that the court "review[ed] the record de novo and all relevant law."  The court neither indicated it deferred to the commissioner's discretion nor stated anything else suggesting it deviated from the proper de novo standard.  Indeed, while the court adopted the commissioner's factual findings (which are not challenged on appeal), it ruled "the Commission then erred when it found the

---

reassigned to another judge, and she had time to and did prepare responsive briefing, including her own working papers submission list, prior to the noted hearing date.

Petitioner in contempt as a contempt requires bad faith." There is no basis to conclude that this was anything other than de novo review, as required.

Doyle again cites inapposite authority, primarily *In re Welfare of Smith*, 8 Wn. App. 285, 505 P.2d 1295 (1973). The trial court in *Smith* denied a motion for revision and stated, "In other words, even if the appellate court—or in this case, myself—reading the transcript would have arrived at a different decision, it does not mean that the court can overturn the decision of the court commissioner if it is supported by substantial evidence." *Id.* at 286. The court of appeals reversed and remanded the matter to the superior court because its ruling indicated that it had erroneously applied a substantial evidence standard rather than de novo review. *Id.* at 286, 288. Here, as noted, the superior court's order on revision shows that it applied the correct de novo standard.

Doyle also claims that the superior court could not have engaged in a true de novo review because Hashman provided an incomplete working papers submission list and the superior court did not identify what parts of the record it relied on when making its ruling. This argument fails both legally and factually. Legally, Doyle cites *Smith* in support of this argument, but *Smith*, as the above discussion shows, does not support the argument, and Doyle cites no other authority to support the argument. Factually, the record here shows that Doyle submitted extensive briefing on the motion for revision, including her own working papers submission list, so there is no basis to conclude that the superior court improperly limited its review when it "review[ed] the record de novo" as its order states. Because Doyle's contrary argument is wholly speculative, she is not entitled to appellate relief on this basis.

III

Hashman requests reasonable attorney fees under RCW 26.09.140 and RAP 18.9. We deny her request.

RCW 26.09.140 permits a court to award fees to the prevailing party in a family law case after considering the financial resources of the parties. *In re Marriage of Hannah and McAdams*, 27 Wn. App. 2d 577, 591, 541 P.3d 372 (2023). In determining whether a fee award is appropriate pursuant to the statute, we consider both the parties' relative ability to pay and the arguable merit of the issues raised on appeal. *In re Marriage of Leslie and Verhey*, 90 Wn. App. 796, 807, 954 P.2d 330 (1998) (granting an award of fees to wife when husband was in a "much better financial position" and wife presented meritorious legal arguments on appeal). But here, Hashman "has not filed an affidavit of financial need with the court in accordance with RAP 18.1(c), so we cannot grant fees under RCW 26.09.140." *In re Marriage of Hannah and McAdams*, 27 Wn. App. 2d at 591.

RAP 18.9(a), in turn, permits an award of attorney fees as a sanction for filing a frivolous appeal. "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal." *In re Custody of A.T.*, 11 Wn. App. 2d 156, 171, 451 P.3d 1132 (2019). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *Id.* (quoting *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013)). Hashman has not demonstrated that the appeal had no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal.

Because all doubts as to whether an appeal is frivolous should be resolved in favor of the appellant, we decline to award fees under RAP 18.9.

Affirmed.

_Feldman, J._

WE CONCUR:

_Birk, J._                    _Smith, C.J._